WILLIAM CROZIER, Appellant, v. ISAIAH COOPER, Appellee.

APPEAL FROM PIKE.

To authorize a new trial on the ground of newly discovered evidence, it must appear that the evidence has been discovered since the trial, and that it could not have been produced on the trial by the use of reasonable diligence. The evidence must also be material to the issue ; it must not be cumulative, nor go to impeach the character of a witness.

On a question of diligence involving an application for a new trial, a party ought to negate every circumstance from which negligence may be inferred.

THIS was an action of assumpsit by the appellee against the appellant. The declaration contains the common counts for work and labor, goods sold and delivered, and the money counts. Plea, general issue and set-off. Issue joined, verdict and judgment for the plaintiff below. The defendant appealed. The cause was heard before MINSHALL, Judge, at September term, 1852.

On the trial of the cause in the court below, the plaintiff proved, by one Benjamin Sigsworth, the hauling of two loads of goods, from Sacramento city to defendant's store, at the junction of the north and middle forks of American River, a distance of about fifty miles, and that the price of said hauling was 16 cents a pound in California at that time.

On cross-examination, witness testified, that Cooper and Crozier were not in partnership, so far as he knew.

The defendant moved the court for a new trial upon the following affidavit of newly discovered evidence : —

William Crozier, defendant in the above entitled suit, being duly sworn, deposes and says, that since the trial of the above cause at the present term of this court, he has been informed, and has ascertained, for the first time, the present locality and residence of Samuel F. Stagg, Minerva Jane Stagg, and Franklin McClintock, whose testimony is material to the defendant in this suit, and whose testimony would have been procured for defendant on the trial of the above cause at the present term of this court, but for the inability of the defendant to find out the residence, or place of abode, of the said Minerva Jane Stagg, until he ascertained the same after this cause had been tried and submitted to the jury, at the present term of the court, through one Robert McClintock, who informed affiant after the evidence on both sides had been closed and submitted to the jury, that said witness, Minerva Jane Stagg, now resided in Lafayette, Oregon Territory, from which place the said Robert

McClintock had lately received a letter from the said witness, through which said McClintock obtained his information of the residence of said witness. That said letter was mailed to said McClintock, at Lafayette, in Oregon Territory, the residence of said witness. Deponent further says, that he can prove by the said Minerva Jane Stagg, that the said plaintiff was a partner with deponent in the business in California, out of which this suit originated ; that said partnership in said business between said plaintiff and defendant, was formed and entered into by them at Auburn, in California, about three miles from the place where said parties carried on their partnership business aforesaid ; that said partnership was never dissolved whilst the said parties remained in California, nor has the same since been dissolved, but that their partnership dealings and accounts yet remain unsettled and unadjusted between them ; that said witness, after said partnership was formed and entered into, left Auburn, and deponent has never been able to ascertain the residence of said witness until informed thereof by the said McClintock, as above stated, and knew of no person to whom he could write in California, or apply to here to find out with certainty the residence of said witness, so as to procure her evidence on the trial of this cause at the present term of the court ; that said McClintock, after the trial of this cause, informed affiant of the residence of said witness, which was the first intimation ever received by affiant of the residence of said witness, or any means of finding out the same since the commencement of this suit. Deponent further says, that he had also been informed since the trial of this cause, that the said Samuel F. Stagg and Franklin McClintock have learned, and can testify to the facts in relation to the said partnership business, and that said affiant has learned since the verdict was rendered in this case, that said Samuel F. Stagg and Franklin McClintock have knowledge, and can testify to the facts regarding their said partnership business, which evidence affiant has not been able to avail himself of on the trial of this cause, for the reasons aforesaid ; that he expects to be able to procure said evidence by the next term of this court, and to prove by the said witness, Minerva Jane Stagg, who was present, and heard the terms and conditions of said contract, that the goods, wares, and merchandise, constituting the stock in trade of said partnership, were to be bought and paid for by affiant and the said plaintiff jointly ; that said affiant was, by the terms of said partnership, to expend his time and render his service in selling and disposing of said goods at their trading establishment at the middle fork of American River, in California, and that in consideration

Crozier *v.* Cooper.

of the time and labor of said affiant, in selling and disposing of said goods for the mutual profit, benefit, and advantage of said parties, said plaintiff was to take upon himself the purchasing of said goods, and the hauling and delivery thereof to affiant, at the place aforesaid, to be sold and disposed of for their mutual benefit as such parties; and further says not.

The court below overruled the motion for a new trial, and rendered judgment upon the verdict.

W. R. Archer and C. W. Warren, for appellant.

J. Grimshaw, for appellee.

Treat, C. J.   To authorize a new trial on the ground of newly discovered evidence, it must appear that the evidence has been discovered since the trial, and that it could not have been produced on the trial by the use of reasonable diligence.   The evidence must also be material to the issue, and relate to the merits of the case.   And it must not be cumulative, nor go to impeach the character of a witness.   These principles are too well settled to require a reference to authorities.   There is a fatal defect in the application made in this case.   It does not appear but that the defendant, by the exercise of due diligence, could have made full proof of the fact which he can now establish by the testimony of certain persons.   It may be, for any thing stated in the affidavit, that the existence of a partnership between him and the plaintiff was well known by others, whose attendance as witnesses on the trial he might easily have procured.   If such was the fact, there was not the least merit in the application for a new trial.   It was a clear case of negligence, from the effect of which he cannot escape.   The affidavit sets forth, in substance, that there was a partnership between the parties, and that the defendant has learned for the first time since the trial, that he can prove that fact by certain individuals. It does not, as it should, deny knowledge on his part that the same fact was known to others, whose testimony he might have obtained on the former trial.   On a question of diligence like this, a party ought to negate every circumstance from which negligence may be inferred.

The judgment must be affirmed.

*Judgment affirmed.*