WILLIAM M. STETHAM, Appellant, *v.* JOHN SHOULTZ, Appellee.

ERROR TO ST. CLAIR.

Where one of three defendants asked to have a judgment set aside, upon the ground that his co-defendants, who assented to a trial, were sureties for him on the note sued on, and did not know his defence, and that he had been too sick to attend court and make his defence, which was denied, it is held by this court that proper diligence was not shown, and that the application to the Circuit was properly overruled.

THIS cause was heard by BREESE, Judge, at August term, 1855, of the St. Clair Circuit Court. The statement of the case is made in the opinion of the Court.

R. F. WINGATE, for Appellant.

G. TRUMBULL, for Appellee.

Stetham *v.* Shoultz.

SKINNER, J. Shoultz sued Stetham, Rose, Davis and Frendley, in an action of debt in the St. Clair Circuit Court.

The writ was sued out to the March term, 1855. At this term the defendants appeared and filed their demurrer to the plaintiff's declaration, which was overruled. The defendants then filed their plea of *non est factum*, and several pleas of part failure of consideration, upon which pleas the plaintiff took issue. The declaration counted upon a sealed note. Stetham then moved for a continuance upon affidavit setting forth the consideration of the note, and part failure of the consideration of the same, and alleging that he could prove his defence by one Smith, an absent witness.

The court thereupon continued the cause. At the August term, 1855, the parties waived a jury. The cause was tried by the court and judgment rendered against the defendants for the amount of the note sued on.

At the same term, Stetham moved the court to set aside the judgment, and for a new trial, upon his affidavit setting forth that his co-defendants are securities only in the note sued on, and were wholly unacquainted with his defence thereto; that he alone had attended to said defence; that he at the previous term employed counsel to make his defence, and that said counsel had attended thereto but was unable to make such defence on the trial, on account of the absence of Stetham; that Stetham was prevented by sickness from being in attendance at the trial; that he had been sick and confined to his room for nearly a month prior to the day of trial and was then for the first time able to leave his home, about twelve miles distant from the place of holding court.

The affidavit sets forth the same defence of part failure of consideration, in the special pleas alleged, and that the same can be proved by several persons residing in St. Clair county. The court overruled the motion.

Stetham appealed to this court, and assigns for error the refusal of the Circuit Court to set aside the judgment and grant a new trial. The court properly overruled the motion. The affidavit does not show diligence in preparing for trial; nor does it negative circumstances from which negligence may reasonably be inferred. *Schleneker et al.* v. *Risley*, 3 Scam. 483; *Crozier* v. *Cooper*, 14 Ill. 139.

The sickness of Stetham alone is not sufficient to show that his defence could not have been fully interposed by ordinary diligence. His witnesses resided in the county, and their attendance could have been coerced by the process of the court, and which he was at liberty to invoke.

No effort was made by either Stetham or his counsel to obtain

the testimony of defendant's witnesses, and no excuse is shown for not doing so; nor does it appear that the presence of Stetham was necessary to the defense.

*Judgment affirmed.*