## SAMUEL V. CALHOUN

*v.*

## WILLIAM M. O'NEAL *et al.* ·

1.  ERROR WILL NOT ALWAYS REVERSE.  This court will not reverse for error committed, unless it appears that such error worked or was calculated to work injury to the party complaining.

2.  INSTRUCTIONS—*need not be repeated.*  It is not error to refuse an instruction, though proper in itself, where the rule therein announced is as fully and clearly stated in another instruction given.

3.  NEW TRIALS—*newly discovered evidence* is not a ground for a new trial where it is only cumulative.

4.  SAME—*diligence required.*   And before a new trial can be granted on the ground of newly discovered evidence, it must appear that the party has not been guilty of negligence in discovering and producing it on the former trial.

APPEAL from the Circuit Court of McLean county; the Hon. JOHN M. SCOTT, Judge, presiding.

This was a suit on a promissory note, brought by Samuel V. Calhoun against William M. and John C. O'Neal and William Beeler.   It appears that Samuel V. Calhoun and his brother, John Y. Calhoun, were the owners of fifty-eight cashmere goats, which they sold to William M. and John C. O'Neal, the latter paying therefor the sum of $3800, $500 down, one note on which this suit was brought, for $1300, due in one year, to the plaintiff, Samuel V. Calhoun, and the balance in two notes of $1000 each, due in two and three years respectively, payable to John Y. Calhoun, Beeler signing the notes as surety, John Y. Calhoun acting as agent of his brother, Samuel V. Calhoun, in the sale of the portion of the goats belonging to Samuel.   On the trial below the jury returned a verdict in favor of defendants, on which judgment was rendered, and to reverse this judgment, the plaintiff appealed.

Messrs. HUGHES & McCART, for the appellant.

Messrs. WELDON, TIPTON & BENJAMIN, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of debt, brought by appellant, in the McLean circuit court, against appellees, on a promissory note. The declaration contained a special count on the note, with the common counts. Defendants filed pleas of *non est factum* and *nil debet.* The parties stipulated that under those pleas, upon the trial, anything might be given in evidence which could be admitted under proper pleas and replications, if filed by the parties. The jury found a verdict for appellees, whereupon plaintiff below entered a motion for a new trial, which was overruled, and judgment rendered on the verdict, to reverse which this appeal is prosecuted.

The point urged with most earnestness is, that the finding is so clearly against the evidence that it should have been set aside, and a new trial granted; also, that a new trial should have been allowed on account of newly discovered evidence. It is not controverted that John Y. Calhoun was the agent of appellant in making sale of the goats; and there is the evidence of several witnesses that when reference was made to the fact that the goats were lame, before and while the treaty for the sale was progressing, he said there was nothing the matter with them, that he would warrant them sound; that their lameness came from standing on the manure. While the warranty was denied, and the evidence conflicts on that question, the jury have found a warranty. There was much evidence in reference to their being diseased with the foot rot, and although the evidence on that point was conflicting, the jury have found there was a breach of the warranty. It was for the jury to consider the evidence and give weight to such as they believed, and reject such as they regarded as unworthy of belief. In finding the issues as they did, we think they were warranted by by the evidence.

Again, witnesses swear that he warranted the wool to sell from eight to fifteen dollars per pound, for the fleece from these

goats. The evidence, we think, clearly shows there was no market in this country, at any price.

It is urged that Wm. O'Neal did not, in divers conversations in reference to the goats, had with various persons after he purchased, complain that the goats were diseased. Unless he had made up his mind that he would return the goats, we would not expect that he would proclaim they were diseased, and thus effectually destroy all prospect of the sale of the sound as well as the unsound animals. He says that in conversing with Calhoun on the subject, he told him to go on and do the best he could, and if loss resulted, that he would make it right. We generally find men, having property to sell, slow to proclaim its defects or to decry it in the market. Hence we place less stress upon the fact that he did not complain to his neighbors that the goats were diseased, than is urged by counsel.

It is next insisted that large sales were made, and land and patent rights of large value were received. Wm. O'Neal swears that the title to the land was not good, and that the patent rights were worthless. We may well suppose this to be true, and especially so when we find no evidence contradicting it. We would hardly expect men of ordinary prudence to enter into such an enterprise and pay anything of large value for such property, while they might readily give worthless patent rights and tax titles to land they knew conveyed no title, in exchange for such property; and it would not be strange if large prices should be fixed by the parties on the property thus exchanged, although it might be valueless. Nor would we expect either party to such an exchange to proclaim to the world that the property he had received was of no value. This circumstance, we think, possesses less weight than is claimed by counsel.

The evidence is conflicting, and it was for the consideration of the jury, and they having found their verdict under it, we cannot say that it is manifestly against the evidence. It is only in such cases that this court is warranted in disturbing the verdict.

It is insisted that the court erred in permitting appellees to ask what would be the decreased value of the entire lot of goats sold, by reason of the foot rot being in the flock when they belonged to the two Calhouns, and this note was only given on the purchase of those belonging to appellant. Even if the questions put to the witnesses were objectionable, the answers were as to the value of each sound goat, and as to those that were diseased. The information derived from these questions was the same as if the questions had been asked as to the separate value of each sound animal, and of those which were diseased. We fail to perceive that appellant sustained any injury from these questions and answers. We only reverse when we see that error has been committed which has worked, or was calculated to work injury to the party complaining.

It is next urged that the court below erred in refusing to give an instruction asked by appellant that anything John Y. Calhoun might have said in reference to the goats after the sale, would not amount to a warranty. The eleventh instruction asked by and given for him fully embodies the rule announced in the refused instruction. It is not in the same language, but is fuller, broader, and more distinct than the other. The refusal of this instruction could, therefore, have worked appellant no injury, and its refusal was no error.

We now come to consider the remaining question, whether the court below erred in refusing a new trial on account of newly discovered evidence. It is the settled rule of this court that a new trial will not be granted when there is newly discovered evidence, unless it is conclusive, or where it is only cumulative. *Smith* v. *Shultz*, 1 Scam. 490 ; *Morrison* v. *Stewart*, 24 Ill. 25. In a number of cases it is held that it must be material, and not cumulative, or a new trial will not be granted, or where the party has been guilty of negligence. *Schlencker* v. *Risley*, 3 Scam. 483 ; *Crozier* v. *Cooper*, 14 Ill. 139 ; *Stetham* v. *Shoultz*, 17 Ill. 99. In the case of *Martin* v. *Ehrenfels*, 24 Ill. 189, it was said newly discovered cumulative evidence, which is not conclusive and controling in its character, is not a ground

for a new trial. The newly discovered evidence disclosed in the affidavits is but cumulative, and is not conclusive and controling.

Again, we fail to see there was not negligence on the part of appellant in obtaining this evidence on the last trial. There had already been one jury trial, and it is probable that the same defense was interposed in the first as on the last trial. If so, and the affidavits fail to state it was not, then appellant was fully apprised that he would have to meet it on the latter trial, and he should have searched for the evidence he has since discovered. But he fails to state that he made any effort to find it, or to give any excuse for failing to procure it. This evidence was as completely in his reach, for aught we can see, before as after the latter trial. We are not prepared, therefore, to hold that he is free from negligence.

The judgment of the court below is affirmed.

*Judgment affirmed.*