JAMES CROWNOVER, Garnishee, etc.

v.

JOSEPH J. BAMBURG ET AL.

1. GARNISHMENT—ADMINISTRATOR NOT SUBJECT TO, BEFORE ORDER OF DISTRIBUTION.—An administrator of an estate is not liable to process of garnishment for moneys in his hands as such, before any order of distribution has been made directing the manner of payment.

2. GENERAL RULE.—If the judgment debtor could not recover against the garnishee in a suit by him alone, the judgment creditors suing in his name for their use, must necessarily fail in a proceeding to subject the fund to the payment of their debt.

3. CHANGE OF LIABILITY—ACCEPTANCE OF ORDER.—It appeared that prior to the garnishee proceedings, the garnishee had received a letter inclosing an order from the judgment debtor to pay the balance coming to him, to his brother, the writer of the letter, and the garnishee had replied that he would do so as soon as he could raise the money. This was a virtual acceptance of the order, and an entire appropriation of the fund beyond the reach of the judgment debtor. In so accepting the order, the garnishee ceased to be indebted to the judgment debtor, and was therefore not liable to be garnisheed on his account.

APPEAL from the Circuit Court of Bureau county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Messrs. HENDERSON & TRIMBLE, for appellant; contending that the writ of attachment was void because it showed no venue, cited Gill v. Hoblitt, 23 Ill. 473.

And being void, the court had no jurisdiction of the garnishee: Pierce v. Carleton, et al. 12 Ill. 358.

Money in the hands of the law cannot be reached by garnishee process: Curling v. Hyde, 10 Miss. 374; Millison v. Fisk, 43 Ill. 112; Triebel v. Colburn, 64 Ill. 376; Merwin v. City of Chicago, 45 Ill. 133; Reddick v. Smith, 3 Scam. 451; Lightner v. Steinagel, 33 Ill. 510; Bivins v. Harper, 59 Ill. 21; Pierce v. Carleton, 12 Ill. 358; Hunter v. Bilyean, 39 Ill. 368; Church v. Jewett, 1 Scam. 55; Gibbons v. Johnson, 3 Scam. 61.

Only when the official's liability becomes changed to a personal one is he subject to garnishment: Weaver v. Davis, 47 Ill. 235.

Crownover v. Bamburg et al.

No action could be maintained by the heir for the money until after an order of distribution: Neubrecht v. Santmeyer et al. 50 Ill. 74.

The question is, whether the garnishee owes the defendant at the time of service of process: Warne et al. v. Kendall, 78 Ill. 598; Webster et al. v. Steele et al. 75 Ill. 544; Stahl v. Webster, 11 Ill. 511; Towner et al. v. George et al. 53 Ill. 168.

An attaching creditor gets no greater right than the defendant had when the attachment was made: Samuel v. Agnew, 80 Ill. 553; Drake on Attachments, § 220.

The indebtedness must be of a *legal* character: May v. Baker, 15 Ill. 89; Webster et al. v. Steele et al. 75 Ill. 544.

A *bona fide* assignment defeats the garnishee suit: Born v. Staaden, 24 Ill. 322; C. & St. L. R. R. Co. v. Killenberg, 82 Ill. 295; Johnson et al. v. Pace, 78 Ill. 143; Carr v. Waugh, 28 Ill. 418; Holden v. McConnell, 12 Ill. 170; Mansfield v. Hoagland et al. 46 Ill. 359.

Messrs. ECKELS & KYLE and Messrs. FARWELL & WARREN, for appellees; that objection by the garnishee to irregularity in the proceedings comes too late after answer, cited Morris v. Trustees of Schools, 15 Ill. 266; Wayman v. Crozier, 35 Ill. 156; Zeigler v. Cox et al. 63 Ill. 48; Pierce v. Carleton, 12 Ill. 358.

SIBLEY, P. J. On the 10th of September, 1877, Joseph Bamburg and Abram Oppenheim proceeded before a justice of the peace, by attachment, against the effects of John L. Dodge, and garnisheed James Crownover, administrator of the estate of Hiram Dodge, deceased. Oct. 1st, 1877, a judgment was rendered against John L. Dodge, by default, for $191.11. Crownover, Nov. 17th, 1877, answered in the case, denying that he had any money or property in his hands belonging to John L., but as administrator of the estate of Hiram Dodge he held funds of which John L. would have been entitled to a portion, with the other heirs, whenever the County Court ordered a distribution, if he had not before that time directed it to be paid to Jay Dodge, which order had been accepted by the garnishee.

The justice gave judgment against him for $188, when he appealed to the Circuit Court, and upon a trial there, which took place in March, 1878, it appeared that Crownover made, in the preceding November, a final report to the County Court, which was there approved, showing that there was in his hands as administrator of the estate of Hiram Dodge, at the time of the service of the garnishee process, the sum of $324.34, as the remaining share of John L. Dodge, of the estate of Hiram. Although no order of distribution had ever been made, Crownover testified that he had received on the 18th or 19th of August, 1877, a letter from Jay Dodge, enclosing an order from John L., directing the payment of the balance coming to him from the estate of his brother Hiram, to Jay Dodge.

This order was executed in Iowa, July 2d, 1877, and was enclosed in a letter from Jay Dodge to Crownover, dated August 18th, 1877. After consulting with the county judge as to the propriety of accepting the order, he on the 25th of that month answered Jay's letter, stating that he had no money belonging to the estate of Hiram, but expected to sell his corn by the first of October; if not, he would, if he could, borrow the money and pay them all up.

Jay Dodge also swears that his brother, John L., was owing him a considerable sum, much more than the balance due from the administrator of the estate of Hiram Dodge to John L. (which is not disputed), and in settlement of his claim on July 2d, 1877, he procured from John L. the order on Crownover that was forwarded in the letter of the 18th of August. There is no proof impeaching this transaction of settlement between John L. and Jay Dodge, as fraudulent.

Oppenhiem stated that John L. Dodge was indebted to appellees, and that they got a postal card from him in August, 1877, mailed at Iowa, asking them to call on Crownover, and he would pay them. They did so, and Crownover refused, saying that he had an order from John L. to pay Jay Dodge, but had not then accepted it. Bamburg states that he was present when the postal card was presented to Crownover, and he declined to pay because the card was not a sufficient order, and that on the morning the attachment suit was set for trial,

Crownover said he had an order from John L. to pay Jay Dodge, but that he had not yet accepted it. This last statement was denied by Crownover, who said that he told them he had written a letter to Jay Dodge, and presumed he had accepted the order. Upon this testimony the Circuit Court affirmed the judgment of the justice of the peace, from which an appeal was taken, and we are asked to reverse that judgment, for the reason the garnishee was not liable to the proceeding. This error is sufficient to determine the case without considering the others assigned.

If John L. Dodge could not have recovered against Crownover in a suit by him alone, then it follows as a matter of course, that the appellees in his name for their use, which was the proper form of the action, must necessarily fail in this proceeding. Richardson et al. v. Lester, 83 Ill. 55. Upon what ground John L. Dodge could have recovered against Crownover (leaving out the question of his right to sue the administrator at all until an order of distribution had been made), is not very readily seen. For John L. Dodge had previously given his brother an order on Crownover to pay him whatever remained in his hands, as administrator of the estate of Hiram, and, although Crownover had not formally accepted it, still he had recognized the change made by the transfer, and promised Jay to pay him whatever was due John L. as heir to the estate of Hiram, by the 1st of October, if he could sell his corn or borrow the money.

This was a virtual acceptance of the order, and an entire appropriation of the funds beyond the reach of John L., or his control. In accepting the order of John L. Dodge, Crownover ceased to be his debtor, and was, therefore, not liable to be garnisheed on his account. Ray v. Faulkner, 73 Ill. 469. It is true, that the acceptance of the order was not a technical one. But can it be doubted that Jay Dodge understood from Crownover's letter that he would pay him the amount coming to John L. from Hiram's estate, and that Crownover meant himself to be so understood when he wrote the letter? This is what he testified to, and we see no reason to doubt its truth. Moreover, we are of opinion that upon public policy, an

administrator is not liable to the process of garnishment for moneys in his hands, as such, before any order of distribution has been made, directing the manner of payment.

It was so held in the case of Curling v. Hyde, 10 Mo. 374, quoting as authority, Brooks v. Cook, 8 Mass. 246, and several other cases; and the doctrine of that case was approved in Millison v. Fisk, 43 Ill. 112. The judgment of the Circuit Court is, therefore, reversed, and the garnishee discharged.

Judgment reversed.