73  501
73  479

## Oliver H. Cully v. The People, etc., For the Use of M. F. Dunlap, Trustee of Walter S. Green and Edith L. Green.

1. PLEADING—*Issues Raised by the Plea of Non Est Factum.*—The plea of *non est factum* to a declaration on a bond raises the question of the delivery as well as of the signing of the bond, as a bond is not executed until it is signed, sealed and delivered.

2. EVIDENCE—*Decrees and Files in Former Suits.*—In an action against the sureties upon a trustee's bond to compel the payment into the trust fund of money found to be due such fund by the decree of the Circuit Court in a chancery proceeding for that purpose between the parties, the

decree in such proceeding is competent to prove that the principal in the bond received the fund in question and was ordered to pay it over to his successor, and the files therein are competent to show upon what pleading the decree was founded, and the defendant's admission in the answer on the question of the execution of the bond, etc.

3.   SAME—*Competency of Probate Files.*—In an action against the sureties upon a trustee's bond, conditioned for the payment to his successor in office, etc., of a certain trust fund, created by the will of a deceased testatrix, the files of the probate court in the matter of the estate of said testatrix are competent to show that the estate was being administered in said court giving it jurisdiction in all matters pertaining to the proper settlement thereof, including the construction of the will and the ascertainment of the consent of the trustee named therein to accept such trust.

4.   SAME—*Proof of Bonds Under Pleas of Non Est Factum.*—In a suit upon an executor's bond when the plea of *non est factum* is interposed, it is competent to prove by the clerk of the probate court that such bond is in his possession as a part of the court papers in his office, received from his predecessor, as tending to show it to be the same bond referred to in the papers relating to the estate of the deceased testatrix among the files of such court, and when in addition thereto it is shown by one witness that the names of the defendants appearing on such bond are in their hand writing, the bond is properly admitted in evidence.

'5.   ERROR—*Will Not Always Reverse.*—Error in sustaining a demurrer to a plea of no consideration will not be sufficient to reverse the judgment, when the case was tried upon other pleas, unless it appears that such error worked or was calculated to work injury to the party complaining.

**Debt,** on an executor's bond.   Appeal from the Circuit Court of Morgan County; the Hon. OWEN P. THOMPSON, Judge, presiding.   Heard in this court at the November term, 1897.   Affirmed.   Opinion filed February 9, 1898.

MORRISON & WORTHINGTON, attorneys for appellant.

M. T. LAYMAN and FRED H. ROWE, attorneys for appellee.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

This was an action of debt, brought in the name of the people for the use of M. F. Dunlap, trustee for Walter S. and Edith L. Green, on an alleged bond of Wm. T. Potts, against said Wm. T. Potts, John H.

Potts and appellant as his sureties. It is averred in the declaration in substance that by the will of Lucretia C. Green deceased, said Wm. T. Potts and one Austin B. Green were appointed trustees of a fund created and bequeathed to Walter S. and Edith L. Green by said will; that said Austin B. Green refused to accept said trust; that said Wm. T. Potts accepted it, and on the eleventh day of April, 1891, he and the other defendants executed a bond to the people, etc., as the bond of said Wm. F. Potts, trustee, under said will, in the penal sum of $1,400, conditioned for the faithful carrying out of said trust, etc.; that said bond was delivered to the clerk of the County Court of Morgan County, and filed in his office for the use of said Edith L. and Walter S. Green, and was approved by the county court of said county; that the condition of the bond was that said Wm. T. Potts would faithfully perform the duties of the trust, etc.; that at the November term of the Circuit Court of Morgan County, in a proceeding in that court for that purpose, the resignation of said Wm. T. Potts, as said trustee, was accepted by that court, and M. F. Dunlap appointed by it as successor in trust of said Wm. T. Potts to take charge of said fund; and that an accounting of said trusteeship was had before said Circuit Court; and that said Wm. T. Potts was ordered by that court to pay to his successor, M. F. Dunlap, within thirty days, the sum of $8,656.41, it being the amount found by that court in the hands of said Wm. T. Potts belonging to said trust fund. The breach assigned is, that said Potts did not pay over to his said successor said sum of $8,656.41 as ordered.

No service of process was had upon Wm. T. Potts. A default was taken against John H. Potts. Appellant Cully filed three pleas; two were pleas of want of consideration (stated in slightly different terms of phrase-

ology) and the third a plea of *non est factum*, sworn to. A general demurrer was filed to the pleas of want of consideration, and was sustained to them; defendant excepted and elected to stand by his said pleas, and plaintiff took issue on the plea of *non est factum*.

The cause was tried by jury and the verdict was for plaintiff for $14,000 debt and $8,841.56 damages. Motion of appellant for a new trial was overruled, also motion in arrest of judgment, to both of which rulings exceptions were preserved by appellant. Judgment was rendered against appellant on the verdict. Appellant brings the case to this court by appeal.

The rulings of the court below, in sustaining a general demurrer to the pleas of want of consideration, in admitting certain testimony for plaintiff, and in giving and refusing instructions, are insisted upon in this court as reversible error by the counsel for appellant in their brief.

The issue raised by the pleadings was, whether the bond sued on was ever executed, so as to make it a binding legal obligation of appellant. The plea of *non est factum* raised the question of the delivery, as well as of the signing of the bond, as a bond is not "executed" until it is signed, sealed and delivered. Hunt v. Weir, 29 Ill. 83, p. 85.

We will first consider whether the trial court committed reversible error in admitting evidence, as contended. The trial court admitted in evidence, over the objections of appellant, the decree and files in a certain cause in chancery, brought to the November term, 1896, of the Circuit Court of Morgan County, by said Walter S. and Edith L. Green, against John H. Potts, as executor of the last will of Lucretia C. Green, deceased, and Austin B. Green and Wm. T. Potts as sureties on his bond as such executor; and also against Wm. T. Potts as trustee under said will, of the trust

fund in question in this case, and John H. Potts and appellant Oliver H. Cully, as sureties on his bond as such trustee. By this decree the resignation of Wm. T. Potts as trustee was accepted, and he was directed to turn over to M. F. Dunlap, who was appointed by that court his successor, the sum of $8,656.41, for the use of Walter S. and Edith L. Green, it being the amount of said trust fund found by that court to be in the hands of Wm. T. Potts, as such trustee.

This was not error, because, as appellant was a party to said proceeding, said decree and files were competent to prove and did prove that Wm. T. Potts, the principal in the bond sued on, received the trust fund in question, the amount thereof, the appointment of M. F. Dunlap trustee of said fund, and the order to said Wm. T. Potts to pay over said trust fund to M. F. Dunlap, his successor in trust. And the pleadings in said proceeding were competent to show what pleadings were before the court, upon which to make said decree; and the answer of appellant Cully, among said files, was competent to show his admission on the question of the signing and delivery of the bond in question, and the purposes for which it was so signed and delivered. As a sample of what said answer contains, we will quote the following therefrom:

"Oliver H. Cully admits that Lucretia C. Green departed this life some time in 1888, testate, and her last will was admitted to probate in the office of the clerk of the county court of Morgan County, Illinois,   *   *   * admits that Austin B. Green, named in said last will, as one of the trustees of the fund for the benefit of the complainants, failed or refused to accept the duties of said trust that Wm. T. Potts accepted said trust and attempted to enter into bonds for the faithful execution of said trust; that he *executed* a bond in the county court of Morgan County, Illinois, and

respondent and John H. Potts signed said bond with
him, but respondent further says that said county
court had no jurisdiction to appoint said trustee, or to
accept or approve said bond   *   *   *."

The trial court also, over objection of appellant, ad-
mitted a certain order of the county court of Morgan
County and the files in that court, "In the matter of
the estate of Lucretia C. Green, deceased." In this we
think no reversible error was committed; because, in-
asmuch as appellant made the admission he did, in
his answer above quoted from, they were competent to
more fully explain his said admissions; and besides,
the evidence shows that when said order was made, the
said estate was being administered in said county court,
which gave it jurisdiction of all matters pertaining to
the proper settlement of said estate; and among the
matters properly before said county court in settling
said estate was to ascertain and construe the provisions
of the last will and testament of Lucretia C. Green,
deceased, and to order them carried out by the executor
thereof, he being an officer of that court charged with
that duty, so far as the assets of that estate would
permit and the law charge him. The order of said
county court so admitted, which is especially com-
plained of as being improper evidence, because it is
contended that it is void for want of jurisdiction in
that court to make it, reads as follows:

"April Term, 1891.   April 15, 1891.

"In the matter of the estate of Lucretia C. Green,
deceased.   Bonds of trustee under will.

"And now comes Wm. T. Potts and files in court
two trustee's bonds, one for $1,600, and one for $14,000
as trustee for legatee's, as provided by the last will and
testament of said Lucretia C. Green, deceased, which
said bonds, upon examination by the court, are ap-
proved and ordered to be recorded."

The first four sections of the will of Lucretia C. Green, deceased, relate to special bequests not involved in this cause; and Paragraph 5 is as follows: "I desire and direct that my executor, hereinafter named, pay over to William T. Potts and Austin B. Green, as trustees, as soon after my death as reasonably may be, the sum of $800, to be held by them upon the following trusts, viz.: Upon trust to loan the same upon good real estate security, at the best practical rate of interest that can be obtained, consistent with entire security, and the annual interest and increase arising therefrom, less a reasonable commission, to pay over to my sister, Martha C. Darnell, for the term of ten years, or until her death, should she die before the expiration of said period; 2d. Upon trusts, upon the death of said Martha C. Darnell, or at the expiration of said period of ten years, to hold, pay over and distribute the said sum of $800 in the same manner as hereinafter provided for the payment and distribution of my residuary estate by my executor.

"Sixth. I will and direct that my executor hereinafter named convert all the rest and residue of my estate, both real and personal, into money, and divide the same into three equal shares. * * * And that my said executor pay over one third or share thereof, to William T. Potts and Austin B. Green as trustees for my grandchildren, Walter S. Green and Edith L. Green, children of my son George C. Green, deceased, who shall take and hold the same upon the following trusts, viz., to loan out the said one-third or share upon good real estate security, at the best practical rate of interest that can be obtained, consistent with entire safety, and the annual interest thereof to compound and accumulate until the younger of said grandchildren or the survivor of them shall have attained the age of 25 years, and when the younger of my said grandchildren

shall have attained the age of 25 years, to pay over
and distribute one-half of said share or one-third,
together with the accumulations thereof, to each of
them, etc.   *   *   *   And in the event neither of my
said grandchildren shall attain the age of 25 years, nor
leave any child or children living at the date of the
death of the survivor, then upon the death of the sur-
vivor of them to pay over and distribute such share or
one-third and the accumulations thereof, to my chil-
dren Howard O. Green, Edgar N. Green, Mary Green
and Mary Baird, the children of any who may have
died taking their deceased parents' share.''

The will appoints John H. Potts, of Jacksonville, as
sole executor with power to sell at public or private
sale, etc., and is dated March 16, 1888.

In support of the contention that said order of the
county court was void, we are referred to the case of
Leman v. Sherman, 117 Ill. 657, and upon examination
thereof we find the question before the Supreme Court
in that case was, did the County Court of Cook County
have jurisdiction to appoint Henry K. Leman as suc-
cessor in trust, to one George Taylor deceased, who
had been appointed by said county court as trustee to
succeed one Joshua L. Marsh, the trustee named by
the will of Francis C. Sherman, deceased, of a trust
fund created by said will, as said Marsh had resigned
after acting as such trustee for some time? The
Supreme Court held the County Court did not have
such jurisdiction, although the said will did profess to
confer jurisdiction upon it to appoint a successor to
the original trustee named in the will upon his death,
resignation, refusal or inability to act; saying "under
the judicial system of this State the only court which
has any jurisdiction to exercise the power here indi-
cated, is a court of chancery." But is the holding of
the Supreme Court in the Leman case, *supra*, applica-

ble to the facts in the case at bar? We think not, because the order of the County Court of Morgan County in question, did not remove or appoint a trustee for the trust fund created by the last will and testament of Lucretia C. Green, deceased; William T. Potts was appointed such trustee by the express terms of the will creating said trust fund; and while said will did not expressly require that he should give bond before receiving said trust fund from the executor thereof, yet it does appear, from the evidence, that said Wm. T. Potts voluntarily came into the County Court of Morgan County, and as an act signifying his willingness to accept the trust created in said will, and to secure in his hands the trust fund, he filed in said court his bond of $14,000 as such trustee; and as evidence of the fact that he made it known to that court, that he had accepted the office of trustee of said trust fund, and had voluntarily secured his faithful execution of the trust thus accepted; that court had, we think, jurisdiction to receive, examine and order said bond recorded for the protection of the estate of said Lucretia C. Green, and the executor of her will, who was an officer of that court.    Also it was within the power of the County Court of Morgan County, in the administration of said estate of Lucretia C. Green, to order the executor of her will, when and how much of her estate to pay to Wm. T. Potts on account of said trust fund, and to ascertain and determine whether said Wm. T. Potts had accepted the office and trust of said trustee, as provided in said will, and this order it made, being in furtherance thereof, was a valid order on that account.    See Shepherd v. Clark, 38 Ill. App. 66.

The admission of the bond sued on in this case was also properly admitted, because it was shown by the testimony of the clerk of said County Court of Morgan

County to be in his custody as a part of the court papers in his said office, received from his predecessor, which tended to show it to be the same bond in said admission referred to; and because it was also shown by one witness that the name of appellant on said bond was in the handwriting of appellant. See Stevison, et al. v. Earnest, 80 Ill. 513.

We next consider the contention of counsel for appellant, that the trial court erred in its rulings on the instruction to the jury. We have carefully examined all the instructions given by the court, and those refused, and while we do not consider those complained of that were given are strictly accurate, yet we believe they do not contain reversible error in view of all the facts and circumstances in evidence in this case. And as to the refused instructions requested by appellant, we think they were properly refused; especially inasmuch as the trial court, in the instruction given at the instance of appellant, gave to the jury the law applicable to the evidence in this record as favorable to appellant as the law warrants, if not more so.

Lastly, appellant's counsel contends that the trial court erred in sustaining a demurrer to the pleas setting up want of consideration. We are satisfied that these pleas were proper pleas to the declaration, and the court below ought not to have held them bad; because, by Sec. 9, Ch. 98, p. 1661 of S. & C. Ill. Stat., which is as follows: "In any action upon a note, *bond*, etc., * * * if such instrument was made or entered into without a good and valuable consideration, or if the consideration had failed, etc., it shall be lawful for the defendant to plead such want of consideration, etc., and if it shall appear that such instrument was made or entered into without a good and valuable consideration * * * the verdict should be for the defend-

Cully v. People.

ant,'' these were proper pleas.    See, also, Honeyman v. Jarvis, 64 Ill. 366, and cases therein cited.

But ought we reverse the judgment of the court below for this error?    We think not, unless it appears that appellant has been prejudiced thereby.    See Calhoun v. O'Neal et al., 53 Ill. 354; C. B. & Q. R. R. Co. v. Van Patten, 74 Ill. 91; and Stevison et al. v. Earnest, 80 Ill. 513.

Upon an examination of all the evidence heard in the court below, when this case was tried, it appears that it was as fully shown that there was a consideration for appellant's signing this bond, as though there had been a plea of want of consideration on file.    The decree, for instance, in the chancery proceeding heretofore referred to, conclusively shows that the principal in the bond sued on received the trust fund the bond was given to secure.

Appellant also testified in this case that he received some indemnity from William T. or J. H. Potts for signing the bond.    It is true, he, on cross-examination, attempts to explain away what he said in his examination in chief as to what he received, but his explanation was not very satisfactory to us.

The evidence in the record in this case we consider amply sufficient to establish that the bond sued on was delivered, because no other object could have been contemplated by the principal therein when he voluntarily filed it in the county court, and presented it to that court for its approval.    Also, W. T. Potts and appellant, both, when sued in the chancery proceeding heretofore referred to, admitted the execution of this bond; and the beneficiaries therein, by bringing said chancery proceeding, and in causing the suit at bar to be brought, show they accepted this voluntary bond.

Hence we conclude on the whole record the judgment of the court below in this case was right, and

that the trial court committed no prejudicial error against appellant.

We therefore affirm the judgment.      Judgment affirmed.