·HENRY W. LEMAN

*v.*

EDWIN SHERMAN *et al.*

117  657
38a  72
117  657
73a 508

*Filed at Ottawa May 15, 1886.*

. 1. APPOINTMENT OF A NEW TRUSTEE—*as to the donee of the power,
under a will—whether the county court as a tribunal, or the county judge as
an individual.* A testator, after devising his estate to one, as trustee, and his
successor, directed that in case of the death, resignation, refusal or inability
of such trustee to act, the county court of the county, upon the application of
any person interested, and on notice to all interested, should appoint a new
trustee, with all the powers of the original one, and required such new trustee
to enter into bond, to be approved by such court, and file the same in the
office of the clerk of said court: *Held,* that the power of appointment was
intended to be conferred upon the county court *as a tribunal,* and not upon
the person who might hold the office of county judge.

2. SAME—*jurisdiction of county court to exercise such power of appoint-
ment—and herein, what court may exercise the power.* The county court
has no jurisdiction to appoint a trustee to hold property for another after
the death, resignation, refusal or inability to act, of one appointed by will,
and the power to do so can not be conferred upon the court by the testator
in his will.

3. Under the judiciary system of this State, the only court having juris-
diction to appoint a new trustee of an estate after the death, resignation, re-
moval, inability or refusal of a prior one to act, is a court of equity; and any
attempt, by will, to confer this power upon any other court, is abortive.

4. So where the county court, upon petition filed making all persons in-
terested parties, entered an order appointing a trustee of an estate, in place
of one who had died, to fill the vacancy, under a clause in the will of the
person creating the trust, it was *held,* that such appointment was void for
want of jurisdiction, and that a court of chancery, when properly invoked,
would appoint a new trustee, regardless of the action of the county court.

5. SAME—*former decision.* The case of *Morrison* v. *Kelly,* 22 Ill. 610, is
not in conflict with the view announced in this case. The court in that case
selected as the donee of the power, was one having jurisdiction by law to
exercise the power conferred by deed. *e*

6. JURISDICTION—*how acquired.* It is not in the power of a testator to
confer, by his will, upon the county court, or other tribunal, a jurisdiction
or capacity which is not conferred by law.

42—117 ILL.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding.

Mr. WILLIAM P. BLACK, for the appellant:

In 1859, this court, in the case of *Morrison* v. *Kelly*, 22 Ill. 610, in discussing the power of the owner of property to declare a trust, and provide for the appointment of a new trustee, said: "It will not be contested that a grantor conveying to a trustee may confer a power upon an officer, as, the chief executive of the State, a circuit court judge, a probate judge, or upon any court of record, the power to appoint a trustee, in the event of the death of the trustee named in the deed."

It is thought no precedent can be found holding that a court of record can not be made the donee of the power to appoint a trustee, because that court may not, under the statute of its existence, be constituted with chancery jurisdiction. That this and other kindred powers may be conferred upon courts, reference is made to *People* v. *Morgan*, 90 Ill. 558, and *People* v. *Williams*, 51 id. 65.

This court, in *Golder* v. *Bressler*, 105 Ill. 419, say: "The general rule unquestionably is, that the author of a trust has the right to say in what manner vacancies of this kind shall be filled, and when this has been done through the deed creating the trust, such vacancy can not be filled in any other way." See, also, Perry on Trusts, sec. 287; 1 Chance on Powers, sec. 440; *Bowditch* v. *Bannelos*, 1 Gray, 220.

Mr. ANTHONY THORNTON, also for the appellant:

The mere power of appointment was a naked power, not being coupled with an interest. The county court had no estate in the land. It was therefore a naked or collateral power, which even an infant might execute. Perry on Trusts,

secs. 52–54; 4 Kent's Com. 325; Washburn on Real Prop. pp. 2, 305–316.

Whatever order the court may have made, beside the appointment, as to the vesting of the trust in the appointee, was unnecessary, and should be rejected as surplusage. *State* v. *McCarty*, 1 Atlantic Rep. (Md.) 116; *Strite* v. *Reiffs*, 55 Md. 92.

Where the instrument of trust provides for the vesting of the estate in the new trustee, the trust will vest according to the provisions of the instrument, as the author of the trust may mould it at his pleasure. Perry on Trusts, sec. 284; *Ellis* v. *Railroad Co.* 107 Mass. 11.

Judicial power "has never been held to apply to those cases where the judgment is exercised as incident to the execution of a ministerial power." *Owners of Land* v. *People*, 113 Ill. 309.

I submit that the appointment by the county court was only the exercise of a ministerial power, and that no law was construed, and none applied.

When authority is conferred by will upon a person to appoint a trustee, the court should indulge in a very liberal interpretation. *Paul* v. *Potter*, 63 Ill. 537.

If a testator gives by his will, to a judicial officer, a power of appointment, which the law does not give or sanction, the reference to the official character will be regarded as descriptive of the person who is to execute the power. *Shaw* v. *Paine*, 12 Allen, 290.

The author of a trust has the absolute right to create the power to appoint new trustees. Hill on Trustees, 249; Perry on Trusts, secs. 287–289; *Golder* v. *Bressler*, 105 Ill. 431.

The county court was the proper donee of the power. *Morrison* v. *Kelly*, 22 Ill. 622.

Mr. J. S. COCHRANE, also for the appellant.

Messrs. WILSON & MOORE, for the appellees:

The will attempted to confer the power of appointing a trustee, upon the county court of Cook county, and the appointment was in fact made by such court. No reference is made in the will to the judge of the court, and the bond is required to be filed with the "clerk of said court."

The county court had no jurisdiction by statute over the subject matter of the appointment of a trustee, and such jurisdiction could not be conferred by will. *Leigh* v. *Mason,* 1 Scam. 249; *Williams* v. *Blankenship,* 12 Ill. 122; *Green* v. *Rogers,* 4 Gilm. 131; *Peak* v. *People,* 71 Ill. 278; *Busman* v. *Peoria,* 16 id. 484; *People* v. *Scates,* 3 Scam. 351; *Fleischman* v. *Walker,* 91 Ill. 318; *McKay* v. *Allen,* 36 id. 429; *Telegraph Co.* v. *National Bank,* 74 id. 217.

If the will shall be construed as conferring the power of appointment upon the judge of the county court, as an individual, then the appointment was void for want of notice of the application for such appointment, upon the minors claiming an interest under the will.

Messrs. DUPEE, JUDAH & WILLARD, for the appellees the Marshes.

Mr. WILLIAM C. WILSON, and Mr. DAVID L. ZOOK, for the appellee Edwin Sherman, in addition to various points embraced in the briefs of the other appellees' counsel, made the following points among others:

Behind all acts of a court there must be power in the court conferred by law, without which they are void. *Thomas* v. *People,* 107 Ill. 525; *Monroe* v. *People,* 102 id. 411.

Jurisdiction which a court does not possess by law can not be conferred by consent. *Central Bank of Georgia* v. *Gibson,* 11 Ga. 453; *Dodson* v. *Scraggs,* 47 Mo. 285; *Jeffries* v. *Harbin,* 20 Ala. 387; *Chapman* v. *Morgan,* 2 Greene, (Iowa,) 374; *Randolph County* v. *Ralls,* 18 Ill. 26; *Lunt* v. *Mason,* 1 Scam.

249; *Shaw* v. *Paine,* 12 Allen, 293; *Peak* v. *People,* 71 Ill. 178; *Monroe County* v. *Budley,* 51 Barb. 493.

Consent can not confer jurisdiction, and the rule applies as well to consent which creates a tribunal as to that which submits a subject matter to a subsisting tribunal which is an utter stranger to it. *Germound* v. *People,* 1 Hill, 344.

Jurisdiction can not be extended by contract. *Beach* v. *Nixon,* 5 Selden, 35; *Lindsey* v. *McClelland,* 1 Bibb, 262; *Bents* v. *Graves,* 3 McCord, 280; *Folby* v. *People,* Breese, 31.

When the court has no jurisdiction of the subject matter, appearance will not heal the defect. *Burckle* v. *Eckhart,* 3 N. Y. 133.

No officer can acquire jurisdiction by deciding that he has it. In all such cases every officer, whether judicial or ministerial, decides at his peril. *Pursser* v. *Secor,* 5 Barb. 607; *Harrington* v. *People,* 6 id. 607.

When the mode of executing a power is not defined, it may be executed by a deed, a will, or simple writing. But no power can be executed except by some instrument in writing, which would be sufficient in law to pass the estate or interest intended to pass under the power, if the person executing the power were the real owner. 4 Kent's Com. (12th ed.) 331-351.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

The appellee, Edwin Sherman, filed a bill in the circuit court of Cook county against appellant for the removal of the latter from the position of trustee of the estate of Francis C. Sherman, deceased, and for the appointment of a new trustee in his place. Appellant had filed a bill in the Superior Court of Cook county against appellees, for the construction of certain provisions of the will of Francis C. Sherman, deceased. The suit in the Superior Court was transferred, by agreement, to the circuit court, and the two causes were con-

solidated and heard together. The property, which is the subject of the trust, is described as lots 7 and 8 in block 34 in the original town (now city) of Chicago, and is known, as the Sherman House, a hotel in that city. All the heirs and devisees of Francis C. Sherman, and the holders of incumbrances upon the property, and the heirs of George Taylor, a former trustee, now deceased, are parties to the proceedings. The circuit court rendered a decree, removing appellant, and appointing one Hugh A. White, as trustee of the estate. This decree was affirmed by the Appellate Court, and from such judgment of affirmance appellant prosecutes his appeal to this court.

Francis C. Sherman died on November 7, 1870, owning the Sherman House property, and leaving a will, dated September 14, 1867, and a codicil thereto, dated July 19, 1869, both of which were admitted to probate in the county court of Cook county on November 15, 1870. The will, after devising the said property to Joshua L. Marsh, of Chicago, "as trustee, and his successors forever," contains, among others, the following provision: "In case of the death, resignation, refusal or inability to act of said trustee, I hereby direct that a new trustee be appointed by the county court of said county, upon the application of any person interested, and the notice to all other persons interested, with all the powers of said original trustee; and my trustee, before entering upon the duties of his trusteeship, shall enter into a bond with good and sufficient security, to be approved by said court, in such sum as said court may determine, payable to some one of my heirs for the benefit of all concerned, conditioned for the faithful performance of the duties of his trust, and file the same in the office of the clerk of said court." Marsh acted, as trustee, until some time in 1875 and then resigned. On July 23, 1875, the county court appointed one George Taylor to the trusteeship, as successor to Marsh. Taylor served until August 15, 1881, when he died.

On September 2, 1881, Martha S. Marsh, a daughter of the testator and one of the appellees herein, filed her petition in the county court of Cook county, asking for the appointment of a trustee, as successor to Taylor, under the terms of the will, and praying for such other and further relief, as may seem meet, and for a summons in chancery directed to the sheriff, requiring him to serve the defendants therein named, which he did. The adult defendants appeared by counsel, and a guardian *ad litem* was appointed for the minors. On October 15, 1881, the county court entered an order, in said proceeding, finding, that all the material allegations in the petition were true, and further ordering as follows: "It is therefore ordered, adjudged and decreed that the prayer of the bill of complaint be, and the same is hereby, granted, and that Henry W. Leman be, and he is hereby, appointed as successor in trust to said George Taylor, deceased, to take charge of, manage and control said Sherman House property, with all the powers given and conferred by said last will and testament and codicil of said Francis Cornwall Sherman, to said original trustee, Joshua L. Marsh; and that the title to said property be, and is hereby, vested in said Henry W. Leman, as such successor in trust, for the purposes of said trusteeship, but saving all existing liens and incumbrances." Appellant, who is the Henry W. Leman, named in the above order, gave bond, and has since acted, as Taylor's successor.

The bill for the removal of appellant proceeds upon three grounds: First, that his management, as trustee, has not been prudent and to the advantage of the estate; second, that disagreements have sprung up between him and the *cestuis que trustent*, which have given rise to dislike and ill-feeling, and make his retention, in the office of trustee, inadvisable; third, that the power of appointment, conferred upon the county court by the will, and the exercise of that power, by the county court, in the appointment of appellant, in the manner already indicated, are illegal and void.

As to the first ground, the circuit court found, that appellant had managed the estate honestly and with success, and we think, that the finding is warranted by the evidence. As to the second ground, there are authorities, which hold, that, where such a disagreement has arisen between a trustee and his *cestui que trust,* as to make their transaction of business with each other unpleasant, a court of chancery may, in the exercise of a reasonable discretion, remove the trustee, even though his conduct, in the discharge of his duties, has been without fault. We do not deem it necessary, however, to discuss this feature of the case, and express no opinion in reference to it. The decree of the circuit court, removing appellant, was based upon the third ground, and we think that court very properly held, that appellant's appointment by the county court was void.

The testator, undoubtedly, intended to confer the power of appointing a successor to the trustee, named by him, upon the county court, as organized when his will was made. At that time, the county court had jurisdiction in all matters of probate and the settlement of estates of deceased persons. It was, unquestionably, his intention to authorize the appointment to be made by the same court, in which his will would be admitted to probate, his executors would be qualified, and his estate would be administered upon. Since his death, however, a new probate court has been created in Cook county, and all jurisdiction, in matters of probate, has been taken away from the county court, so called. Appellant's appointment was made by the county court, as it existed, after its probate jurisdiction was taken from it, and vested in the newly created probate court. It is very evident, therefore, that, however necessary it may be to consider and give effect to the actual intention of the testator in the interpretation of his will, it was never really his intention to confer the power of appointment upon the county court, as it was organized, when the order of October 15, 1881, was entered.

Independently, however, of this consideration, neither the county court, which existed, when the testator made his will and at the time of his death, nor the county court, which assumed to make appellant the trustee of the estate, could lawfully exercise the power, conferred by this will.

It is sought to uphold the power, on the ground, that it was conferred upon the judge of the court, and not upon the court itself. Where it is manifestly the intention of the testator to name the particular individual, who holds the office of judge, as the donee of the power, his designation as judge of a court, will be regarded, as mere *descriptio personæ*, and the power will be sustained, as vested in the man, and not in the office. No such construction, however, can be given to the language of the will, now under consideration. The power of appointment was intended to be conferred upon the county court of Cook county, *as a tribunal.* Such is the plain import of the words used. "I direct * * * that a new trustee be appointed by *the county court* of said county," not by the *judge* of the county court. "My trustee * * * shall enter into a bond with * * * security, to be approved by *said court,* in such sum as *said court* may determine." Surely, the action, here contemplated, is that of a court, engaged in the performance of its judicial duties. Moreover, the will directs, that the trustee shall file his bond "in the office of the clerk of said court." The clerk of a court is the official of a tribunal, acting in a judicial capacity and exercising judicial functions. He can not be said to be the clerk of the individual, who happens, for the time being, to have a seat on the bench.

The power, thus attempted to be conferred upon the county court, as a judicial tribunal, is the power to appoint a new trustee of an estate, upon the death, resignation, refusal or inability to act, of the original trustee, named in the will. Under the judiciary system of this State, the only court, which has any jurisdiction to exercise the power, here indicated, is a court of chancery. The county court of Cook

county has no chancery jurisdiction, and had none, when the order of October 15, 1881, was entered. By an act of the legislature, passed April 29, 1881, in force July 1, 1881, an attempt was made to give county courts, in counties, in which probate courts were or might be established, concurrent jurisdiction with the circuit courts, "in all cases at law and in equity," etc., and we held this act to be unconsitutional in *Klokke* v. *Dodge*, 103 Ill. 125.

If, under the constitution and the law, the county court of Cook county had no chancery jurisdiction, it is quite certain, that this testator could not confer such a jurisdiction upon it by a provision in his will. It would hardly seem to be necessary to quote authority for such a proposition, but, if authority is needed, it is at hand. In *Shaw* v. *Paine*, 12 Allen, 293, the Supreme Court of Massachusetts say: "It is undoubtedly competent for a testator to provide by his will for the substitution of new trustees in case of a vacancy occurring among those first appointed, as much as it is in his power to create the trust; and he may do this directly, by naming the person to be substituted, or by giving the power of appointment. When the power of appointment given by the will is duly exercised, the trustees take under the will, and derive the powers from the act of the testator. On the other hand, it is equally certain that it is not in the power of the testator to confer upon a judicial tribunal a jurisdiction which is not conferred by law."

In *McCleary* v. *McLain*, 2 Ohio St. 368, it is also said: "If the performance of the trust, or execution of the powers, involves the employment of another agency not having the capacity for its execution, the power itself can not be effective. In any proper form one may delegate to another complete authority to regulate, control, dispose of, receive and receipt for his property, of whatever description; but he can not, by any form of commision, whatever the powers of the agent may be, confer upon a justice of the peace, or other court of

limited jurisdiction, a power not conferred by the statute. Whilst any competent person may, by his own act or contract, dispose of his own rights and property at his discretion, yet they can not be disposed of by the judgment of a court having no jurisdiction over the subject."

An examination of the proceedings in the county court, which resulted in the appointment of appellant, will show, that the judge of that court did not act nor intend to act, as an individual donee of the power, but that the machinery of his court, as a judicial tribunal, was brought into operation, for the purpose of accomplishing the desired result. The act of the legislature, which has been alluded to, had then but recently been passed, and the county court was, at that time, supposed to be lawfully possessed of the equity jurisdiction, conferred by that act. The petition, which was filed, praying for appellant's appointment, as trustee, is called, in the final order, a "bill of complaint." The summons issued in the case directs the sheriff to summon the defendants "to answer unto Martha S. Marsh in her certain petition filed in said court *on the chancery side thereof.*" Besides the appointment of a guardian *ad litem* and the taking of a default against certain defendants, who failed to answer, a final order was entered, which not only appoints appellant successor in trust to Taylor, but actually decrees, that the title to the property be vested in him. All the steps, thus taken, bear upon their face the unmistakable features of a chancery proceeding, and the county court thereby attempted to exercise the functions and assume the jurisdiction of a court of chancery. Consequently, its action was void, and its appointment of appellant to the vacant trusteeship can not stand.

Inasmuch as the will could not and did not confer any jurisdiction upon the county court to appoint a successor to the original trustee, the will must be regarded, as having failed to make any provision for the appointment of such successor. It, therefore, follows, that the aid of the circuit

court, sitting as a court of chancery, was properly invoked, for the purpose of appointing a trustee in the place of appellant, when removed; and it was a matter, which rested in the sound discretion of the chancellor, whether he should select appellant, or some other person to act, as trustee.

The case of *Morrison* v. *Kelly*, 22 Ill. 610, is quoted as authority for the position, that the power of appointment, now under consideration, was properly vested in the county court. The language of the opinion, in that case, which states, that "a grantor, conveying to a trustee, may confer * * * upon any court of record, the power to appoint a trustee, in the event of the death of the trustee, named in the deed," must be construed with reference to the facts of the case, and, when so construed, will be found to be limited to "any court of record," which is vested by law with jurisdiction to act in the premises. In that case, the court, upon which the power to appoint a new trustee was conferred, was "the court of chancery of the judicial district or circuit, in which LaSalle county should then be situated." It will, thus, be observed, that the court, there selected as the donee of the power, was a court having jurisdiction, under the law, to perform the functions required of it. Again, by the terms of the deed in that case, the court of chancery itself was to execute the trust; the estate was vested in the court; the court was authorized to exercise the same powers, as were exercised by the original trustee, before his death; the mode of performing the trusts was to be such, as the court should order or decree. It was, accordingly, there held, that the jurisdiction of the court to appoint a new trustee did not depend upon its acquiring jurisdiction over the heirs and legal representatives of the deceased trustee. That case merely decided, that a court, having jurisdiction of the subject matter, under the law, could, without getting jurisdiction of the heirs of the deceased trustee by process, appoint a new trustee, where the deed, creating the trust and fixing its terms

and conditions, provided, that the court should do so. The power of a court having no jurisdiction over the subject matter, was not involved or discussed.

The decree of the circuit court fully protects the rights of the mortgagees and other parties, who have dealt with appellant, as acting trustee, and the decree, in that respect, is approved by this court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*