HARWOOD v. TRACY, *Appellant.*

### Division Two, December 16, 1893.

**Trusts:** APPOINTMENT OF TRUSTEE: COUNTY COURT. A trust deed provided that in case of the death, removal from the county, resignation or disqualification of the trustee, the county court "may and is hereby requested," upon application of any member of the beneficiary company named in the deed, to appoint a successor. *Held,* that an order of the county court appointing a trustee was void, as the county court had no jurisdiction by law to exercise such power, and consent could not confer it.

*Appeal from Clinton Circuit Court.*—HON. JAMES M. SANDUSKY, Judge.

REVERSED AND REMANDED.

*Thomas E. Turney* for appellant.

(1) The court erred in admitting in evidence the record of the county court to prove the appointment of Baubie and the facts authorizing his appointment. 1 Wharton on Evidence [1 Ed.], page and section 639; *Haile v. Palmer,* 5 Mo. 403; *Lathrop v. Baubie,* 106 Mo. 470. (2) Unless the deed to McDaniel and the entry in the county court records rest in Baubie the legal title to the northwest quarter and west half of the northeast quarter, of section 23, township 57, of range 30, the judgment is for the wrong party. The deed vests the legal title in the beneficiaries and only gives to McDaniel and his successors authority to sell and convey lots and out lots in the name of the "Cameron Town Company;" *Ellis v. Fisher,* 65 Am. Dec. 52; *Coulter v. Robinson.* 57 Am. Dec. 168; *Hooberry v. Harding,* 3 Coop. Ch. 680; *Kay v. Scates,* 78 Am. Dec. 389; *Pugh v. Hayes,*

113 Mo. 424; Revised Statutes, 1855, sec. 1, p. 354. (3) The land sued for is neither a lot nor out lot. The authority to sell land not laid off into lots or out lots is given by a distinct provision in the deed; and is dependent upon the conditions enumerated in the provisions. None of them were complied with. (4) The decision in the case of *Lathrop v. Baubie*, 106 Mo. 470 is an anthority for the positions assumed herein.

*Harwood & Miller* for respondent.

(1) The appointment of Baubie by the county court was in strict conformity with the power contained in the trust deed and was not against any principle of public policy. (2) A stranger cannot attack such appointment in a collateral proceeding. (3) The fact that a part of the owners of the land upon which the town of Cameron was laid out and platted, sold their interest to Croysdale constitutes no defense to this suit. (4) The defendant admits that Samuel and McCorkle are the common source of title. Plaintiff, having shown title emanating from the common source, is entitled to recover, unless defendant shows a better title from the common source. *Miller v. Hardin*, 64 Mo. 545. (5) It is an established principle that in ejectment suits where both litigants claim title through the same third party, it is sufficient for the plaintiff to deduce title from the common source. *Brown v. Brown*, 45 Mo. 412; *Fellows v. Wise*, 49 Mo. 350; *Bank v. Maynard*, 51 Mo. 548; *Holland v. Adair*, 55 Mo. 40; *Butcher v. Rogers*, 60 Mo. 138; *Miller v. Hardin*, 64 Mo. 545.

GANTT, P. J.—Ejectment for an unnumbered tract or square of land in the city of Cameron, Clinton county, Missouri, bounded on the east by Cherry

street, on the south by North street, on the west by Pine street, and on the north by Second street.

Plaintiff deraigned title as follows: It was admitted that Edward M. Samuel and Samuel McCorkle are the common source of title. The city of Cameron is laid out on a part of a tract of land, consisting of two hundred and forty acres, owned by said Samuel and McCorkle. On the third day of April, 1855, said Samuel and McCorkle and their wives made and delivered to William G. McDaniel, their deed, by which they constituted him trustee, for the said Samuel and McCorkle, and Blair H. Matthews, George M. Smith and Michael F. Tiernan, to hold said lands for the use, benefit and profit of said parties in the following proportions, viz., for E. M. Samuel one-third, for Samuel McCorkle one-third, and for said Matthews, Smith and Tiernan one-third. After reciting it was their intention to lay off and establish a town on said real estate, and to avoid any difficulty, trouble or expense in the sale or conveyance of said real estate or any part thereof, they constituted said McDaniel (after he should accept said trust in writing and execute a bond for his faithful performance of his duties) to sell and convey all town and out lots that may be laid off on said real estate and receive the purchase money therefor, which town should be known as "Cameron" and all his deeds so made should be made in the name of the "Cameron Town Company."

Provision is made for his successor in said trust in the following words: "In the event of the death or removal from the county of Clinton to a place, which, in the judgment of a majority of the members, and interests of said company, would be too remote for said trustee to attend to the duties of his trust, or in case of his resignation, or if, from any other cause, said trustee or his successor or successors should in the

opinion of a majority of the members of said company, in interest, become disqualified for the performance of his duties as such trustee, *the county court of Clinton county, Missouri, may, and is hereby requested, upon the application of any one member of the company to appoint a prudent, sober, responsible and discreet man, as his successor*, who, when he shall have agreed in writing, properly acknowledged and recorded, faithfully to execute this trust, and shall have given bond with good and sufficient security, to be approved by said court, in the sum of $5,000 with the conditions contained in the bond of the trustee hereby appointed as aforesaid, shall have all the rights, privileges, powers, and emoluments which are hereby conferred on the said William G. McDaniel, so that there shall never be any interruption, or hindrance or delay in the sale or conveyance of the property hereby conveyed in this trust. If the county court of Clinton aforesaid refuse or fail to execute the request here made at any time, a majority of the company in interest, or the executors, or the administrators or such as may not be dead, may, in person, or by agents, or by proxy, duly authorized in writing, select a trustee on the above named conditions."

This deed was read in evidence without objection, and plaintiff then offered the following extract from the records of the county court of Clinton county:

"In the county court of Clinton county, Missouri, Monday, September 1, 1856. Court met pursuant to adjournment, all the judges being present. The following, among other proceedings, were had, to-wit: William G. McDaniel, trustee for the Cameron Town Company, having resigned his trust as such trustee, and Edward M. Samuel, Samuel McCorkle and others, members of said Cameron Town Company, have filed in court here their written request that the court should appoint Albert T. Baubie as his successor. Therefore,

it is ordered by the court that the said Albert T. Baubie be, and he is hereby, appointed trustee of the said Cameron Town Company, in place of the said William G. McDaniel. And, therefore, the said Albert T. Baubie files his acceptance in writing, and agrees faithfully to execute said trust, and also further files his bond as such trustee, which said bond is approved by the court.''

To the introduction of this record, defendant duly objected because incompetent, immaterial and irrelevant, which objections the court overruled and permitted it to be read, and defendant duly excepted.

Plaintiff then read in evidence a deed from said Baubie, as trustee of Cameron Town Company, to plaintiff, of date January 15, 1886, conveying the land in suit to plaintiff. Defendant admitted his possession and plaintiff rested.

Thereupon, defendant requested the court to declare the law to be that, under the plaintiff's evidence, the plaintiff could not recover, which instruction the court refused to give and defendant excepted.

Defendant then introduced various deeds from the *cestui que trust* to their interests in the lands, which tended to show that all the title had been conveyed to William E. Croysdale, E. M. Samuel and M. F. Tiernan, prior to and on December 4, 1858.

On the twelfth of May 1859, William E. Croysdale and wife, E. M. Samuel and wife, and M. F. Tiernan and wife, executed, acknowledged and filed in the proper office a plat of the town of Cameron. The plat lays off into lots, out lots and blocks, the two hundred and forty acres of land, but the land in suit is not designated as a block, nor as a lot, or out lot, and it is not described in the plat in any way. The defendant introduced in evidence a deed from Harlow B. Fales and wife, conveying to Willis H. and Robert Kerns, the

land in controversy, and a deed from Willis H. and Robert Kerns conveying the land in controversy to the defendant. The first is dated September 29, 1883, and the last is dated July 21, 1885, the consideration being $400.

Defendant at the conclusion of all the evidence again prayed the court to declare the law to be that under the pleadings and evidence the finding must be for defendant, which the court refused, and defendant duly excepted. Judgment was rendered for plaintiff, and defendant appeals.

The defendant, in his motion for new trial, and his assignments of error in this court, complains of the action of the circuit court, in admitting the record entry of the county court of Clinton and in refusing to declare that it constituted no valid link in the chain of legal title from the common source of title to plaintiff.

He also insists that as the tract in dispute was not designated as a block, lot or out lot in the plat of Cameron, that the power to convey was never vested in the trustee McDaniel or Baubie, if he should be held to be a trustee.

I. As a general proposition it may be asserted that one who creates a trust may mould into it whatever form he pleases and that whatever one may lawfully do himself, he may authorize another to do for him.

Accordingly it is a common practice in the creation of trusts to provide for filling the vacancies that must often occur in the trustees named in the first instance, by providing that some disinterested person shall have the power to appoint a successor, or successors, and the courts of chancery delight to effectuate the intention of the testator or grantor.

There is, however, this one limitation upon this power of appointment or revocation: it must be conferred upon a person, corporation or agency, not incap-

able, legally, of performing it.  Thus, while it has:
been adjudged that even an infant might be. a trustee
of a naked power, unaccompanied with any interest,
and not requiring any discretion, he is incapable of the
exercise of the power requiring any prudence or dis-
cretion.  1 Perry on Trusts, sec. 52, and cases cited in.
note 6.

This record presents a case of a power conferred
upon an inferior court, a court having no chancery or
equity powers, either when the deed was executed or
since that time.  Three distinct lines of cases may be
found, in which courts have been appointed and
empowered to fill vacancies in trusts.

If the court was invested by the law of its creation.
with equity powers, there seems to be no doubt of its
power to perform the function, of supplying a trustee,
for this would merely effectuate in part the purpose of
its creation.  *Morrison v. Kelley*, 22 Ill. 610; *Leman v.*
*Sherman*, 117 Ill. 657; 1 Perry on Trusts, sec. 296.

In a second class, where it is manifestly the inten-
tion of the donor in the trust or the testator, to name the
individual who is or may be the judge of a court, as
the donee of the power, his designation as judge will be
construed as mere *descriptio personæ*, and the power
sustained, as in the cases of powers conferred upon
other public functionaries, the official characters being
construed simply as equivalent to naming them by their
proper names.  1 Perry on trusts, sec. 47; *Leman v.*
*Sherman*, 117 Ill. 657; *People ex rel. v. Morgan*, 90 Ill.
558.

The third class, and the one under which this case,
in our opinion, falls, is where the donor attempts to
vest the power in a court that has no jurisdiction by
the law of its creation, to make such an appointment.
In such a case it is held that the appointment is void.
That the grantor, testator or donor cannot, by his con-

:sent, confer this jurisdiction upon the court. *Dodson v. Scroggs*, 47 Mo. 285; 12 American and English Encyclopedia of Law, p. 301 (b).

In *Shaw v. Paine*, 12 Allen (Mass)., 293, in con-:struing a power of appointment of trustees in a will, under a statute giving probate courts the power *after* *notice* to all interested persons, it was said "no statute :gives the probate court authority to appoint a trustee *without notice.*" In that case, it was held that where the trustees were nominated to the court by the surviving trustees under the will, and were the persons :selected by the testator, it was a valid execution of the power in the will, but it was said: "On the other hand, it is equally certain that it is not in the power of a testator to confer upon a judicial tribunal a jurisdiction which is not conferred by law." In *Leman v. Sher-man*, 117 Ill. 657, the testator directed the county court of Cook county should appoint a new trustee in case of a vacancy. This was done by the county court. Afterwards a bill was brought to remove the trustee on the ground that the appointment was without authority of law.

The property involved was the Sherman House in Chicago. The case was ably presented, and the supreme court held that the county court could not lawfully exercise the power conferred in the will, and held, further, that where it is the manifest intention to name a particular individual who holds the office of judge, as donee of a power, his designation as a court will be regarded as mere *descriptio personæ*, and the power will be sustained as vested in the man, and not the office, but held that no such construction could be given in that case, as it was evidently the intention to vest the power in the county court as *a tribunal*, and held, also, *that it was not competent for the testator to confer this jurisdiction on the county court.* To the same

effect see *McCleary v. McLain*, 2 Ohio St. 368. The learned author of Perry on Trusts adopts this view in his text. 1 Perry on Trusts, sec. 296.

Recurring, then, to the deed and the order appointing Baubie, we do not think the language is capable of any other construction than that the power was conferred on the county court as such. There is nothing to indicate that the donor referred to any individuals who might be the judges. In such a case it is our duty to give the words used their ordinary signification, and hold that when he said *court* he meant *a court*. Beyond all question it was so interpreted by the county court itself. It took cognizance of the matter as a duly organized body. It made, or attempted to make, its appointment by an entry upon its records, the only manner in which, as a court, it could speak.

Indeed, it seems to us it would be doing violence to all rules of construction to hold that the donors meant the judges, and not the court, or that the judges attempted to act as individuals, and not as a court. The language is susceptible of no other fair construction. *Leman v. Sherman*, 117 Ill. 657.

If it be said that innocent parties might suffer, the answer is, the danger is no greater in this than the thousands of other instances in which parties are mistaken in titles. The power was attempted to be exercised by the county court, whose jurisdiction is defined by public laws, of which all persons are bound to take notice.

This is simply an action of ejectment. No equities are involved. No questions of ratification or estoppel are in the record. It does not appear that Baubie ever attempted to convey any other lot or parcel under this appointment, and it does appear that this one was conveyed to his counsel in this cause. With these suggestions, however, we have nothing to do. The burden

was on the plaintiff to recover on the strength of his own title, and not in the weakness of defendant's.

As the order of the county court was void on its face for want of jurisdiction over the subject-matter of the cause, and cannot be held valid as an appointment by the judges individually, we think it was incompetent for any purpose, and the circuit court erred in not excluding it. The recitals of a court as to matters over which they have no jurisdiction, have no probative force and are binding upon no one. As plaintiff's title rests altogether upon Baubie's deed to him, the court should have sustained the demurrer to the evidence.

It is unnecessary to discuss other propositions mooted by defendant. The judgment is reversed, and the cause remanded. BURGESS and SHERWOOD, JJ., concur.