L. E. HARVEY & others *vs.* FIDUCIARY TRUST COMPANY & others.

Suffolk.   October 5, 1937. — February 18, 1938.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Trust,* Construction of instrument creating trust, Use of principal.  *Jurisdiction,* Over the cause, Nonresident defendant, Of trust.  *Judgment.*

A judgment of a court of the State of residence of a beneficiary under a trust created by deed, where the trust property was situated in this Commonwealth and the trustee, resident here, was neither served with process in the other State nor was a party to the action by voluntary appearance at the time the action was heard on the merits and the judgment was rendered, was not binding upon the trustee or the property of the trust.

The settlor of a trust has no power to confer upon a judicial tribunal a jurisdiction respecting the trust which is not conferred by law.

By a provision, in a deed of trust of property in this Commonwealth for the benefit of a minor beneficiary resident in another State and with a trustee resident here, in substance that if the best interests of the beneficiary should require payments from principal they should be made in such amounts, to such persons and at such times as a certain court of the other State should direct upon application made in that court, the settlor did not intend to subject the principal of the trust to a judgment in the other State in a proceeding in that court to which the trustee was not voluntarily a party.

A contention that a judgment of a court of another State conclusively adjudged that by virtue of the provisions of a trust deed it had jurisdiction over the trustee, resident here, of property here, in proceedings in which the trustee had appeared specially to plead to the court's jurisdiction over him, was without merit because it did not appear that the court of the other State purported to rest its jurisdiction upon the trust deed rather than upon local statutes of its State and it did appear that at the time of the judgment the trustee by leave of that court had ceased to be a party to the proceedings.

A suit in equity could not be maintained to enforce, by reaching and applying an interest of a minor in the principal of a trust, payment of a judgment against a guardian of the minor which the court entering the judgment had directed should be paid by the trustee from principal.

BILL IN EQUITY, filed in the Superior Court on September 21, 1935.

After hearing by *Baker*, J., a final decree was entered dismissing the bill. The plaintiffs appealed.

*D. Burstein*, for the plaintiffs.

*R. Wait*, (*B. Aldrich* with him,) for the defendant Fiduciary Trust Company.

*M. B. Warner*, for guardian *ad litem*.

LUMMUS, J. In December, 1927, Mildred Sampson, a resident of Tippecanoe City, Miami County, Ohio, was granted by the Common Pleas Court for Miami County, Ohio, a divorce from her husband Alden Sampson, 2d, and was awarded the care and custody of their two children, June Evelyn Sampson, born June 2, 1922, and Charles Dale Sampson, born August 29, 1923. During the pendency of the proceedings, on June 9, 1927, the husband and wife entered into an agreement under which the husband was to pay the wife $10,000 and other payments in full settlement of alimony and all other claims, but for the payment of which the wife had no security. So far as appears, he paid no part of those sums, but did make payments of $500 a month for the living expenses of the wife and the children, according to the agreement.

In 1931 it was discovered that Alden Sampson, 2d, had valuable interests in trust funds held in Massachusetts. He had become domiciled in California. Mildred Sampson employed the plaintiffs, members of the Ohio bar. They brought on her behalf a proceeding in the Common Pleas Court of Miami County, Ohio, entitled Mildred Sampson *v.* Alden Sampson, 2d, to set aside the agreement of June 9, 1927. Alden Sampson, 2d, appeared by counsel, and a compromise was reached by stipulation filed in the case by counsel for both parties. The agreement of June 9, 1927, was rescinded. Alden Sampson, 2d, conveyed to Mildred Sampson certain real estate and $14,400 in cash.

As a part of the compromise, Alden Sampson, 2d, by a trust deed dated November 23, 1932, established a trust fund of $100,000 for the children. The defendant Fiduciary Trust Company of Boston in this Commonwealth was

made trustee. The two children were the sole present and probable beneficiaries, and they were to share alike. The trust was to end on September 1, 1958, when the balance of the trust fund then in the hands of the trustee was to be paid over to the beneficiaries. But there were contingent future interests in unborn or unascertained persons other than the two children, for by paragraph 3 of the trust deed it was provided: "(b) In the event of the death of either of said children before the payment of his or her entire share of principal, the share of said deceased child in the trust fund at the time of his or her death shall be paid over free of trust to the issue of such deceased child if any then living," with further provisions if no such issue should then be living.

Paragraph 7 of the trust deed was as follows: "7. This trust is established under the laws of the Commonwealth of Massachusetts and consists of property physically situated in Boston in the County of Suffolk in said Commonwealth and it shall be construed and administered under the law and procedure of said Commonwealth, so long as the legal residence of the trustee, or successor trustee, continues herein. Accounts shall be rendered to the guardian by the trustee annually in the form required by the Probate Court of said Commonwealth." The corpus of the fund was always in Boston. Alden Sampson, 2d, signed the trust deed in California and sent it to Boston, where it was signed by the trustee and then sent to Ohio, apparently to Mildred Sampson or her attorneys.

The trust deed further provided in paragraph 1: "Said trustee and its successors shall make payments from the income of said trust fund as follows: (a) During the minority of said minor children there shall be paid monthly to the guardian of the estate of said minor children to be appointed by the Probate Court of Miami County, Ohio, such amounts as shall be fixed and determined by order of said court upon application duly made. . . . (c) In event the net income from said trust fund is insufficient at any time during the minority of said children for the payment of the amounts above referred to, then, and in that event,

the trustee shall pay to said guardian, during the time that such deficiency continues, the total net income and no more, excepting upon authority first had from the Probate Court of Miami County, Ohio, to make payments from principal, as hereinafter provided. . . ."  In paragraph 2, after providing for payments from principal for the purpose just stated, the following provision is made: "(b) If for any cause, other than above specified, any part of the principal of said trust shall be necessary for the education or maintenance of either of said children, or should the best interests of either of said children require payments from principal otherwise than herein specified, then payments from the principal shall be made in such amounts, to such persons and at such times as the Probate Court of Miami County, Ohio, shall direct, upon application made and order entered in said court. . . ."

Mildred Sampson filed an application to the Probate Court of Miami County, Ohio, for appointment as guardian of the two children, alleging that she and they were residents of Tippecanoe City in that county.  She took oath to her application on November 12, 1932, and the court assigned the matter for hearing on November 22, 1932.  She was appointed guardian on December 2, 1932.

On February 21, 1933, the plaintiffs filed an "application" in the nature of a petition in the Probate Court of Miami County, Ohio, setting forth their services under their employment by Mildred Sampson in the proceedings which were compromised in 1932 by the provision for Mildred Sampson and the establishment of the trust fund for the children.  They alleged that Mildred Sampson paid them for their services in her behalf but that "they have received no compensation for their services in procuring, creating and setting up the trust fund of One Hundred Thousand Dollars ($100,000) for the benefit of said minor children, and in securing to said minors the sole ownership of the corpus of said trust estate," and prayed "that the court may, upon notice to Mildred Sampson, guardian of said minors, or upon waiver of such notice by her, and upon a hearing, fix, determine and allow to said applicants such

compensation as the court shall find to be just and reasonable in the premises, and to charge the same against said trust estate, and order and direct the payment thereof from said trust fund. . . ." No one was named as respondent, unless Mildred Sampson was made respondent by the words already quoted.

Nevertheless, in April, 1933, Alden Sampson, 2d, appeared by his attorneys and moved the dismissal of the application for want of jurisdiction in the court, and the Fiduciary Trust Company, "for the purpose of this motion only, and without entering its appearance herein," filed by its attorneys a similar motion. See *Faulkner* v. *Lowell Trust Co.* 285 Mass. 375, 377. Each motion was overruled on December 9, 1933, subject to the exception of the moving party. On that day the matter came on to be heard upon an answer filed by Alden Sampson, 2d, and upon the evidence, "Mildred Sampson, as guardian of said minor children, being in default for answer or demurrer." It does not appear that the Fiduciary Trust Company filed any answer or was heard on the merits. The court found that Mildred Sampson as guardian waived the service of notice of hearing upon said application, and was present in person in open court at the hearing, and then made the general assertion in its "judgment entry" that "all parties in interest were duly notified and before the court and a full opportunity given them to be heard." Who such "parties in interest" were, did not appear in the record. On that day the court "ordered, adjudged and decreed" that each of the three plaintiffs recover the sum of $900, making a total of $2,700, from "June Evelyn Sampson and Charles Dale Sampson," and further "ordered, adjudged and decreed that said sums and each of them be paid by Fiduciary Trust Company of Boston, Massachusetts, out of the principal of the trust fund heretofore established for the use and benefit of said minors, namely, June Evelyn Sampson and Charles Dale Sampson." The present plaintiffs excepted to this judgment in their favor, and appealed to the Common Pleas Court of Miami County, Ohio, for a hearing *de novo.* After the judgment of the Probate Court

had been entered, that court, on February 5, 1934, on the application of Mildred Sampson, guardian of June Evelyn Sampson and Charles Dale Sampson, designated and appointed with her approval Paul T. Klapp and Baird Broomhall as counsel "for and in behalf of said guardian her said wards in this proceeding."

On July 24, 1934, the Court of Common Pleas rendered its judgment. It recited that the court had theretofore appointed said "Clapp" (Klapp?) and Broomhall "as attorneys for June Evelyn Sampson and Charles Dale Sampson and attorneys for Mildred Sampson as Guardian of June Evelyn Sampson and Charles Dale Sampson." It recited that "the answer of Alden Sampson, 2nd filed in the Probate Court, and various motions filed by the Fiduciary Trust Company, and/or Alden Sampson, 2nd in the Probate Court, were withdrawn upon leave of court first had." It recited that the cause then came on to be heard upon the motions of Mildred Sampson as guardian and of Alden Sampson, 2d, to dismiss the appeal from the Probate Court, and that said motions were overruled, subject to the exceptions of the moving parties. On the merits, the case was heard "upon the application . . . and upon the answer of Mildred Sampson as guardian of said minors, and the evidence." The court found that as such guardian she "waived the issue of service of summons of hearing upon said application in the Probate Court," and that she "was present in person and represented by counsel in court at the hearing of this cause," and it made the same general assertion that "all parties in interest were duly notified and before the court and had a full opportunity given them to be heard." The court "ordered, adjudged and decreed" that the plaintiffs recover "of Mildred Sampson, as Guardian of June Evelyn Sampson and Charles Dale Sampson, the sum of $25,000," and that said sum "be paid by the Fiduciary Trust Company of Boston, Massachusetts, out of the principal of the trust fund heretofore established for the use and benefit of said minors." Counsel appointed for the guardian and minors excepted. On a motion to set aside the judgment and for a new trial, the court reëntered the

same judgment on August 3, 1934, subject to the same exception.

The case then came before the Court of Appeals of Miami County, Ohio, sitting *in banc*. A decision was rendered on January 29, 1935. One of the arguments of the appellant guardian was that under the deed of trust "no payments can be made out of the income or principal of said trust fund except as the Probate Court of Miami County directs." It was held that nevertheless the action of the higher courts on appeal from that court must govern. It was further held that the fact that the services of the plaintiffs were rendered before the minors had any guardian was no defence. The judgment of the Court of Common Pleas was affirmed, and the Probate Court was ordered to carry that judgment into execution. On October 29, 1936, execution issued from the Probate Court in favor of the plaintiffs against "Mildred Sampson, Guardian of June Evelyn Sampson and Charles Dale Sampson, minors and June Evelyn Sampson and Charles Dale Sampson" for $25,000 with interest thereon at the rate of six per cent per annum from July 24, 1934.

Armed with that judgment, the plaintiffs, on September 21, 1935, filed a bill in equity in the Superior Court in Suffolk County in this Commonwealth against the Fiduciary Trust Company of Boston, and the minor children and their guardian of Tippecanoe City, Miami County, Ohio, to compel the Fiduciary Trust Company to pay to the plaintiffs out of the principal of the trust fund the sum of $25,000 with interest. The bill puts the plaintiffs' case on two alternative grounds (1) the enforcement of paragraph 2 (b) of the trust deed, and (2) the reaching and applying of the interest of the two children in the principal of the trust in satisfaction of the Ohio judgment against them.

No personal service was made on the guardian or the two children in this Commonwealth nor, so far as appears, in Ohio. But Milton B. Warner, Esquire, of Pittsfield was appointed guardian *ad litem* of the two children. He appeared specially and filed a plea to the jurisdiction over the persons of the two children. This plea was overruled, and

the guardian *ad litem* answered to the merits on behalf of the two children. The defendant Fiduciary Trust Company answered to the merits. Mildred Sampson, as guardian, did not appear. After a hearing on the merits, the Superior Court entered a decree dismissing the bill. The plaintiffs appealed.

Although the trust was created by a trust deed and not by judicial decree (*Chase* v. *Chase*, 2 Allen, 101; *Jenkins* v. *Lester*, 131 Mass. 355; *Harrison* v. *Commissioner of Corporations & Taxation*, 272 Mass. 422, 427, 428; Am. Law Inst. Restatement: Conflict of Laws, § 298), it was located in Massachusetts, where both the property and the trustee were, even apart from the terms of the trust deed. *Brandeis* v. *Atkins*, 204 Mass. 471. *Harvard Trust Co.* v. *Commissioner of Corporations & Taxation*, 284 Mass. 225, 230. *Hutchison* v. *Ross*, 262 N. Y. 381, 89 Am. L. R. 1007. *Shannon* v. *Irving Trust Co.* 275 N. Y. 95. Am. Law Inst. Restatement: Conflict of Laws, §§ 297, 299. Beale, Conflict of Laws, §§ 118C.40, 294.3, 297.2, 299.1. The residence of the *cestuis* in Ohio, standing alone, gave the courts of that State no jurisdiction *in rem* or *quasi in rem* over the trust, which had its situs here. *Greenough* v. *Osgood*, 235 Mass. 235, 238. Even upon the principle that equity acts *in personam* (*Jenkins* v. *Lester*, 131 Mass. 355, 357; *Beardsley* v. *Hall*, 291 Mass. 411, 417), a court of a State in which is neither the situs of the trust nor the domicil of the trustee, cannot enter a decree binding upon the trustee unless he has been personally served with process within the State or has voluntarily submitted himself to the jurisdiction of the court. *Schmidt* v. *Schmidt*, 280 Mass. 216, 220.

Naturally there was no personal service upon the defendant trustee in Ohio. The plaintiffs do not contend that by virtue of any appearance in the proceedings in Ohio the defendant trustee was a party to those proceedings at the time when judgment was rendered so as to be personally bound by the judgment. True, the defendant trustee, while protesting that it did not appear at all, made an appearance in the proceedings in Ohio by filing a motion to dismiss the application for want of jurisdiction in the court. That ap-

pearance, under Ohio law, may have been a general one. *Klein* v. *Lust*, 110 Ohio St. 197, 205.   *State* v. *Industrial Commission*, 50 Ohio App. 269.   If the defendant trustee had remained a party to the proceedings in Ohio after its motion to dismiss for want of jurisdiction had been overruled and during the hearing on the merits in the Common Pleas Court, it might have been bound by the judgment.   After a general appearance a defendant cannot, by withdrawing his appearance or a pleading in which his appearance is expressly or impliedly contained, escape from the jurisdiction of the court without its consent.   *Fay* v. *Hayden*, 7 Gray, 41. *Butler* v. *Butler*, 162 Mass. 524, 525.   *Garber* v. *Hirsh*, 225 Mass. 422.   *Hersey* v. *Hersey*, 271 Mass. 545, 548.   *Tilden* v. *Johnson*, 6 Cush. 354.   *Jenkins* v. *York Cliffs Imp. Co.* 110 Fed. 807.   *Eldred* v. *Bank*, 17 Wall. 545.   *Creighton* v. *Kerr*, 20 Wall. 8.   *Rio Grande Irrigation & Colonization Co.* v. *Gildersleeve*, 174 U. S. 603.   *Insurance Trust & Agency, Ltd.* v. *Failing*, 66 Kans. 336.   *McArthur* v. *Leffler*, 110 Ind. 526.   *Mars* v. *Oro Fino Mining Co.* 7 S. D. 605, 615.   *Evans* v. *Iles*, 7 Ohio St. 233.   But in this case the defendant trustee, although it moved to dismiss the application on a ground relating to the jurisdiction of the court and thus may have not only waived service but also appeared generally (*Klein* v. *Lust*, 110 Ohio St. 197, 205), expressly disclaimed making any appearance at all, and never did appear except through the filing of the motion.   Its appearance thus made was withdrawn when the motion in which it was contained was "withdrawn upon leave of court first had" in the Common Pleas Court of Miami County, Ohio, on appeal.   If the withdrawal had been merely an abandonment of the point taken in the motion, leaving the defendant trustee a party to the case, no leave of court would have been needed.   It is immaterial whether or not the court erred in allowing such a withdrawal.   After that withdrawal, the defendant trustee was not a party to the case, had no right to be heard, and could not be bound by the judgment.   *Graham* v. *Spencer*, 14 Fed. 603.

The general assertion of the courts in Ohio, in rendering judgment, that "all parties in interest were duly notified

and before the court and had a full opportunity given them to be heard," cannot prevail over the indisputable facts that unborn and unascertained persons interested in the trust were not represented, and that the defendant trustee was not before the court at the time judgment was rendered on appeal, nor at any time with respect to the determination of the merits. *Old Dominion Copper Mining & Smelting Co. v. Bigelow,* 203 Mass. 159, 208–210. *Tuells* v. *Flint,* 283 Mass. 106, 113. *Atlantic National Bank of Boston* v. *Hupp Motor Car Corp.* 298 Mass. 200, 202. *Chicago Life Ins. Co.* v. *Cherry,* 244 U. S. 25, 29.

It follows that the judgment obtained by the plaintiffs in Ohio, looked at as an exercise of the inherent judicial power of that State, has no validity against the defendant trustee. The plaintiffs do not assert that it has any. They do not contend that the courts of Ohio retained if indeed they acquired any jurisdiction over the defendant trustee personally because of anything that it did in the Ohio proceedings. The validity of the Ohio judgment in favor of the plaintiffs, so far as it may affect the defendant trustee, is rested by them solely upon the powers given to the courts of Ohio by the terms of the trust deed.

We must therefore inquire what authority, if any, was given to "the Probate Court of Miami County, Ohio" by paragraph 2 (b) of the trust deed, to "direct" payments from the principal "upon application made and order entered in said court." In the first place, we agree with the plaintiffs that the circumstances stated under which payments of principal may be directed, namely, that they must be "necessary for the education or maintenance" of either of the children, or that "the best interests of either of said children require" such payments, are not conditions precedent to the exercise of jurisdiction and therefore open to inquiry in other tribunals, but rather are rules intended to govern the Probate Court in deciding whether to "direct" payments from principal or not.

It may be that a power of appointment could have been given by the trust deed to an individual described as the judge for the time being of the Probate Court of Miami

County, Ohio. If that had been done his exercise of the power would not have been a judicial act, would have required no notice or hearing, and would not have been subject to appeal. *Shaw* v. *Paine*, 12 Allen, 293. *National Webster Bank* v. *Eldridge*, 115 Mass. 424. If paragraph 2 (b) of the trust deed should be construed as conferring such a power of appointment as to payments from principal, the plaintiffs could receive only $2,700, for that was the sum that the probate judge directed the defendant trustee to pay from principal. But we agree with the plaintiffs that the trust deed purported to give the authority to the Probate Court as a judicial tribunal, and not to the judge of that court as an individual.

It is, however, elementary law that a testator or settlor has no power "to confer upon a judicial tribunal a jurisdiction which is not conferred by law." *Shaw* v. *Paine*, 12 Allen, 293, 296. *Carr* v. *Corning*, 73 N. H. 362. *Allen's Appeal*, 69 Conn. 702. *Leman* v. *Sherman*, 117 Ill. 657. *Harwood* v. *Tracy*, 118 Mo. 631. See also *Maley* v. *Fairhaven*, 280 Mass. 54, 56; *Stratton* v. *St. Louis Southwestern Railway*, 282 U. S. 10, 18; *United States* v. *Corrick*, 298 U. S. 435, 440. A court in Ohio cannot thus be given jurisdiction of a trust having its situs in Massachusetts. The case of *Lumbert* v. *Fisher*, 245 Mass. 190, relied on by the plaintiffs, involved merely the duty of a trustee appointed by the court from which a decree was sought. Jurisdiction in that case was not based upon anything except the statutes of the Commonwealth.

There are cases, it is true, where a judgment binding upon a defendant personally has been based upon his earlier contract to submit to the jurisdiction, or his irrevocable authority to an agent to submit his case to the jurisdiction. *Gilbert* v. *Burnstine*, 255 N. Y. 348. *Ferranti* v. *Lewis*, 271 Mass. 186 (compare G. L. [Ter. Ed.] c. 231, § 13A). *Friede* v. *Sprout*, 294 Mass. 512. *Lafayette Ins. Co.* v. *French*, 18 How. 404. *Old Wayne Mutual Life Association* v. *McDonough*, 204 U. S. 8. *Trojan Engineering Corp.* v. *Green Mountain Power Corp.* 293 Mass. 377. Am. Law Inst. Restatement: Conflict of Laws, § 81. 1 Beale, Con-

flict of Laws, § 82.8. But in this case the defendant trustee never contracted with the plaintiffs to submit itself to the jurisdiction of the Probate Court in Ohio. No right existed in the plaintiffs to have it do so for their benefit.

We need not define with exactness the authority and the function of the Probate Court of Miami County, Ohio, under paragraph 2 (b) of the trust deed. It may perhaps be that the general jurisdiction of that court "to direct and control the conduct of fiduciaries and settle their accounts" (Ohio Code, § 10501–53 [13]; *James* v. *James*, 260 Mass. 19) and the presence of the *cestuis* within its territorial jurisdiction, would enable it to render a valid decree for the payment of a part of the principal of the trust fund, provided the defendant trustee should submit itself to the jurisdiction. We do not agree with the argument of the plaintiffs that the settlor did not intend that the defendant trustee was to have power to "defeat the jurisdiction merely by failing to enter an appearance." We think that the primary concern of the settlor was the welfare of the two children, and that the obvious purpose of paragraph 2 (b) was to provide a means by which the trustee could be justified and protected in making payments out of principal when necessary for the best interests of the children. We do not think that there was any intention to provide a means open to all the world of obtaining, in a State far from the situs of the trust, and in the absence of a voluntary appearance by the trustee, a judgment adverse to all the parties to the trust, whereby the principal of the trust might be dissipated; or of requiring the trustee and all other parties interested to defend in that State every application for such a judgment that any person might see fit to file.

But whatever we may think of the purpose, meaning and effect of the provision in the trust deed, the plaintiffs contend that our views cannot affect the result, because the judgment in Ohio was a conclusive adjudication that the trust deed conferred jurisdiction upon the Ohio courts. They rely upon cases holding that when jurisdiction over the person of a defendant depends upon a question of fact, and he

submits that question to the court upon some preliminary pleading, filed usually under a special appearance, and then either he does not appeal from the decision of that question against him or the decision of that question against him is affirmed on appeal, he remains before the court for the determination of the merits, and is bound by the judgment which follows, both as to the jurisdiction and as to the merits, on the principle of *res judicata*. *Baldwin* v. *Iowa State Traveling Men's Association,* 283 U. S. 522. *American Surety Co.* v. *Baldwin,* 287 U. S. 156, 166, 167. *Chicago Life Ins. Co.* v. *Cherry,* 244 U. S. 25. *Stone Leather Co.* v. *Henry Boston & Sons, Ltd.* 234 Mass. 477, 478, 479. *Hall* v. *Wilder Manuf. Co.* 316 Mo. 812, 52 Am. L. R. 723, and note. Am. Law Inst. Restatement: Conflict of Laws, § 451. Compare *Marshall* v. *R. M. Owen & Co.* 171 Mich. 232. We find no authority, and we express no opinion, upon the question whether the principle of *res judicata* applies as well to the decision of a question of jurisdiction where, as here, the question relates to jurisdiction over the subject matter, not over the person; the question depends upon the effect of a writing, not upon the existence of a fact; and the writing is not a statute of the State in which the judgment was obtained, which the courts of that State are entitled finally to interpret. See *Andrews* v. *Andrews,* 176 Mass. 92, 188 U. S. 14; *Forsyth* v. *Hammond,* 166 U. S. 506; *Hamilton Gas Co.* v. *Watters,* 79 Fed. (2d) 438; *Lambert* v. *Central Bank of Oakland,* 85 Fed. (2d) 954; *Baltimore Mail Steamship Co.* v. *Fawcett,* 269 N. Y. 379, 390, noted in 46 Yale Law Journal, 159, 162; Caveat to Am. Law Inst. Restatement: Conflict of Laws, § 451. In the present case the Ohio judgment is ineffective as an adjudication of the jurisdiction of the Ohio courts by virtue of the trust deed, for at least two reasons: (1) it does not appear that the Ohio courts rested their supposed jurisdiction upon the trust deed rather than upon the statutes of Ohio; and (2) the defendant trustee had ceased to be a party to the proceedings long before the judgment on appeal was rendered.

One question remains. Even though the defendant trustee was not bound by the judgment rendered in favor of the plaintiffs in Ohio, they contend that that judgment established personal liability on the part of the minor *cestuis*, and that the bill can be maintained here for the purpose of reaching and applying their interest in the principal of the trust to the satisfaction of the judgment. We do not pause to discuss whether the trust was not a spendthrift trust during their minority, as it clearly was to become upon their majority under paragraph 4 of the trust deed. Neither do we discuss the possibility of diverting principal from the trust to the satisfaction of judgments without making unborn and unascertained persons parties to the suit and giving protection to their rights. It is clear that the services for which the plaintiffs seek compensation were performed at the instance of the mother of the children at a time when they had no legal guardian. The application of the plaintiffs to the Probate Court in Ohio was directed towards an order charging the principal of the trust estate. The judgment of the Common Pleas Court of Miami County, Ohio, which was affirmed by Court of Appeals of that county, was that the plaintiffs "have and recover of [or, from] Mildred Sampson, as Guardian of June Evelyn Sampson and Charles Dale Sampson, the sum of $25,000," and that said sum be paid by the defendant trustee out of the principal of the trust. There was no personal judgment against the two children. *Weigand* v. *Kylius*, 6 Ohio Dec. (Reprint) 100, 101. *Payne* v. *Rech*, 6 Ohio App. 327. *Jones* v. *Johnson*, 72 Okla. 134, 21 Am. L. R. 903, and note. The execution issued from the Probate Court on October 29, 1936, so far as it went beyond the judgment by adding the names of the two children as parties against whom the judgment ran is immaterial. *Long & Allstatter Co.* v. *Willis*, 52 Ohio App. 299. The judgment controls. We need not consider whether under the law of Ohio upon an application to the Probate Court in Ohio, that court or a higher court on appeal had jurisdiction to render a personal judgment based on a claim in contract where no trust or other *res* was before the court, and no other basis for jurisdiction appeared to which the rendering of a

personal judgment might be incidental. The appeals from the interlocutory decrees have become of no importance, and are not considered.

*Interlocutory decrees affirmed.*
*Final decree affirmed with costs.*