## IN THE MATTER OF THE TRUST ESTATE OF HENRY A. P. CARTER, DECEASED.

### No. 1141.

RESERVED QUESTION FROM CIRCUIT JUDGE, FIRST CIRCUIT. HON. C. W. ASHFORD, JUDGE.

SUBMITTED NOVEMBER 12, 1918.          DECIDED NOVEMBER 22, 1918.

COKE, C. J., KEMP AND EDINGS, JJ.

WILLS—*attempt to confer jurisdiction.*

> Where a testator in his will attempts to confer jurisdiction upon a judge in his judicial capacity, where the judge as a matter of law has jurisdiction in the premises, the judge acts by virtue of the law conferring jurisdiction upon him and not under the authority of the provisions of the will, and in case jurisdiction is subsequently taken from such judge and is transferred to another judge the power to act *ipso facto* passes to such other judge.

TRUSTS—*appointment of trustee.*

> The will of C, dated in 1889 and probated in 1891, named two trustees to execute the trust created and provided that whenever the beneficiaries of the trust or a majority of them shall apply to a justice of the supreme court a third trustee shall be appointed. Held, that by the Judiciary Act of 1892 all original equity jurisdiction having been taken from the several justices of the supreme court and reposed in the circuit judges of the islands, the power to appoint a third trustee is now exercisable by a circuit judge and not by a justice of the supreme court.

OPINION OF THE COURT BY COKE, C. J.

Henry A. P. Carter, deceased, by his last will and testament dated August 17, 1889, and admitted to probate in the supreme court of the Hawaiian Islands on December 30, 1891, after making certain specific bequests, devised and bequeathed the residue of his property to two trustees in trust to pay the income of one-sixth thereof to each his wife and five children for life and after the death of each of the beneficiaries he devised the one-sixth of the estate, the income of which was payable to such beneficiary for life, to the heirs of such beneficiary to be divided as then prescribed by the laws of Hawaii in cases of persons dying intestate. There are now four remaining beneficiaries, all at present absent from the Territory of Hawaii, and the present trustees are George R. Carter and John R. Galt, both of whom are also absent from the Territory. The will provides as follows with reference to the appointment of trustees:

"Fourth. I appoint Peter C. Jones and Joseph O. Carter of Honolulu to be my trustees to carry into effect the trusts above specified and direct them and their associates and successors in trust to lease sell or convey any of my property and to reinvest the proceeds and balances of my estate in such manner as to them may seem best for the uses and purposes of the trusts hereinbefore declared. I also direct that my said trustees shall yearly make a full and complete account of all receipts and expenditures to a justice of the supreme court of the Hawaiian Islands, and file before such

a justice whenever ordered an inventory of all property in their hands and how invested. I direct that no bonds be required of said Peter C. Jones and Joseph O. Carter, but there may be of their successors unless otherwise agreed to by the beneficiaries of the trust. Whenever the beneficiaries of this trust or a majority of them shall apply to a justice of the supreme court a third trustee shall be appointed to act with those herein named or their successors with the same powers."

The four surviving beneficiaries deeming it advisable that the Hawaiian Trust Company, Limited, a local trust concern, should be appointed as a third trustee, in view of the absence from the Territory of the two existing trustees, have made application for that purpose—three of the applications being addressed to the presiding judge of the circuit court of the first circuit at chambers, in equity, and one of the applications being addressed to the chief justice of the supreme court of Hawaii.

In accordance with the desires of the surviving beneficiaries the Hawaiian Trust Company has petitioned the presiding judge of the circuit court of the first circuit at chambers in equity for the appointment of itself as a third trustee of the estate under the provisions of the will. The presiding judge of the circuit court at chambers in equity has reserved for our consideration the question whether the power of appointment of a third trustee under the will is exercisable by a justice of the supreme court or by a judge of the circuit court of the first circuit at chambers in equity and the matter is now before us upon the question thus reserved.

It was held by this court in *Estate of Bishop*, 23 Haw. 575, that where the will provided that vacancies among trustees should be filled by the choice of a majority of the justices of the supreme court, the power was given to them not in their judicial capacity but in their individual capacity because the testatrix could not confer jurisdiction

and the jurisdiction to appoint trustees at that time was not in a majority of the justices but in each justice acting singly. This opinion was, on appeal, affirmed by the circuit court of appeals ninth circuit. See 250 Fed. p. 145. At the times both the Pauahi Bishop will and the Henry A. P. Carter will were executed and subsequently offered for probate original jurisdiction in equity matters was exercised by a single justice of the supreme court sitting in equity at chambers. During that period the justices of the court, exercising original equity jurisdiction, did not act jointly or as a court in banco. By the Judiciary Act of 1892 the original probate jurisdiction of the several justices of the supreme court was conferred upon the judges of the circuit courts throughout the islands. In the decision in *Estate of Bishop, supra,* this court very clearly indicated that if by the provision of the will of Bernice Pauahi Bishop the power to fill vacancies among the trustees had, as in the present case, been conferred upon any justice of the supreme court it would have been held that the authority to appoint was conferred upon the justice in his judicial capacity. Where a testator in his will attempts to confer jurisdiction upon a judge in his judicial capacity, where the judge as a matter of law has jurisdiction in the premises, the judge acts by virtue of the law conferring jurisdiction upon him and not under the authority of the provisions of the will, and in case jurisdiction is subsequently taken from such judge and is transferred to another judge the power to act *ipso facto* passes to such other judge. *Allen's Appeal* 69 Conn. 702, 707; *Leman* v. *Sherman,* 117 Ill. 657, 664; *Harwood* v. *Tracy,* 118 Mo. 631, 637; *Carr* v. *Corning,* 73 N. H. 362, 365. This we think is the case here. The Judiciary Act of 1892 took from the several justices of the supreme court all original equity jurisdiction and reposed the same in the circuit judges of the islands.

Answering, therefore, the reserved question submitted by

the circuit judge we hold that the power of appointment of a third trustee to act with the trustees named in the will of Henry A. P. Carter, deceased, or their successors, is exercisable by a circuit judge of the circuit court of the first judicial circuit at chambers in equity and that such power is not now reposed in any justice of the supreme court.

*Frear, Prosser, Anderson & Marx* for applicants.