INSURANCE TRUST AND AGENCY, LIMITED, v. AURORA FAILING *et al.*

No. 12,609. (71 Pac. 826.)

INSURANCE TRUST AND AGENCY, LIMITED, v. CATHERINE P. GREEN *et al.*

No. 12,761. (71 Pac. 826.)

SYLLABUS BY THE COURT.

GENERAL APPEARANCE—*Ex Parte Order Permitting Withdrawal.* The voluntary general appearance of a defendant is equivalent to personal service of a summons; and where such appearance has been made by a non-resident defendant, the action of the court in making an *ex parte* order permitting him to withdraw his appearance and in refusing an application seasonably made by plaintiff to vacate such order is prejudicial error.

Error from Douglas district court; C. A. SMART, judge. Opinion filed March 7, 1903. Reversed.

*Stebbins & Evans*, and *J. F. Switzer*, for plaintiff in error.

*D. S. Alford*, and *L. H. Perkins*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, C. J. : These two proceedings arise out of the same litigation. On March 7, 1900, an action was brought by the Insurance Trust and Agency, Limited, against Aurora Failing, Catherine P. Green, and several others, to enforce the individual liability of each as a stockholder in the Western Farm Mortgage Trust Company. Summons was issued for all of the defendants, but, being non-residents, the sheriff was unable to find them in his county, and so stated in his return. When the petition was filed a garnishment summons was duly issued and served on M. G. Manley and A. Monroe, but on March 30, 1900, they filed an answer denying indebtedness and alleging that the funds sought to be reached were in the custody of the court and not subject to garnishment. The plaintiff elected to take issue on the truth of the answer of the garnishees. Later, and on November 24, 1900, the garnishees moved the court to set aside the garnishment on the grounds that it was illegally issued, that the fund sought to be garnished was not subject to garnishment, and that the lien had been lost by failure to obtain service on the defendants in the case. This motion was sustained by the court, and the ruling constitutes the alleged error in the first proceeding.

On April 3, 1900, the defendants appeared by their

22—66 KAN.

attorney and filed separate demurrers, in each of which the following grounds were stated :

"1. That the court had no jurisdiction of the person of the defendant or the subject of this action.

"2. That there is a defect of parties defendant.

"3. That several causes of action are improperly joined, and

"4. That the petition does not state facts sufficient to constitute a cause of action."

On June 29, 1900, the defendants, without notice to the plaintiff, orally asked and obtained leave to withdraw the demurrers and appearances previously filed. Notice of this action was not brought to the attention of the plaintiff until October 11, 1900, and on the 16th of the same month plaintiff filed a motion asking the court to vacate and set aside the *ex parte* order of withdrawal. This motion was overruled, and the second proceeding in error is brought for the review of that order.

Both of these proceedings depend on the effect of the general appearance of the defendants. The controlling consideration in the discharge of the garnishees was that the defendants were not served with summons, and that no constructive service by publication was obtained within the prescribed time. In this case, however, there was no lack of jurisdiction, or support for the order of garnishment. When the petition was filed summons for defendants was duly issued, and the code provides that this is the method by which an action may be commenced. (Civil Code, § 57; Gen. Stat. 1901, § 4487.)

More than this (if more be required), the defendants appeared within thirty days from the filing of the petition, and fully submitted themselves to the jurisdiction of the court by filing demurrers challenging the

Insurance Trust v. Failing.

sufficiency of plaintiff's petition.   Was jurisdiction lost by the attempted withdrawal of the demurrers and appearances several months afterward ?   We think not.   The code ( § 67 ;  Gen. Stat. 1901, § 4497 ) declares that "the voluntary appearance of a defendant is equivalent to service."   Will it be contended that a defendant served with summons, who has tired of the litigation, can withdraw from the case and the jurisdiction of the court at will ?  | Where a defendant pleads and makes a general appearance, he waives the service of summons and any defect that there may be in the process, and is in court as fully and effectually as though personal service had been made on him.|  A submission to the jurisdiction of the court, whether coerced by process or voluntary as in this case, cannot be retracted or withdrawn to the prejudice of the plaintiff.   To allow a withdrawal which would divest the court of jurisdiction obtained by a general appearance would be a great injustice to a plaintiff who had relied on the appearance of a non-resident defendant until the time and opportunities to obtain service otherwise had passed.  |The court may permit a withdrawal, or rather set aside an appearance made without authority, or procured by fraud| but under a code provision making a general appearance coequal with service, the court has no more right to permit a withdrawal of such appearance conferring jurisdiction, than it would have to set aside service of a summons regularly made. Here there was no claim of fraud, or of misapprehension, as the appearance was made by counsel who was shown to have full authority to represent the defendants.   The action of the court in permitting a withdrawal of appearance was unwarranted.

It is said that no exception was taken to this ruling, but none could be taken for the reason that the appli-

cation was made and allowed in the absence of, and without notice to, the plaintiff. However, the plaintiff moved promptly in the matter after learning of the action taken, and the refusal of the court to vacate the *ex parte* order constitutes prejudicial error.

The voluntary appearance of the defendant takes away the only substantial objection that was made to the validity of the garnishment, and, hence, the ruling of the court on the motion to discharge the garnishees was erroneous. Objections have been made to the sufficiency of the record, but we find nothing substantial in them.

For the errors mentioned, the orders and judgments in both cases will be reversed and the causes remanded for further proceedings.

All the Justices concurring.