## UNITED STATES v. LLOYD et al.

District Court, N. D. California, S. D.
January 18, 1928.

No. 16647.

1. **Criminal law ⟨⟩⟩105—One desiring to object to jurisdiction of court over person must appear for that purpose only; otherwise, he waives objection.**

One who desires to object to jurisdiction of court over his person must appear before court for that purpose only, and, if he raises other questions, he waives objection.

2. **Criminal law ⟨⟩⟩98—Ordinarily one pleading to indictment, or moving to suppress evidence or quash indictment, submits to jurisdiction of court.**

One who pleads to indictment, or makes motions to suppress evidence or to quash indictment, has submitted to jurisdiction of court in ordinary case.

3. **Criminal law ⟨⟩⟩98—Where defendants appeared generally, pending Supreme Court decision regarding practice, and later withdrew pleas of not guilty with government's consent to secure hearing of pleas to jurisdiction, latter will not be stricken.**

Where defendants were indicted for conspiracy to violate National Prohibition Act (27 USCA) and Tariff Act of 1922 (42 Stat. 858), and entered pleas of not guilty with leave to change pleas, and filed demurrers and made motions constituting general appearance, in addition to pleas to jurisdiction, pending Supreme Court decision on question of practice, and after such decision withdrew pleas of not guilty, with tacit consent of government, for express purpose of securing hearing of pleas to jurisdiction, defendants must be held to have effectually withdrawn their general appearances, and motion to strike pleas to jurisdiction, on ground that defendants appeared generally prior to filing pleas to jurisdiction, will be denied.

John V. Lloyd and others were indicted for conspiracy to violate the National Prohibition Act and the Tariff Act of 1922. On motion to strike pleas to jurisdiction from files. Motion denied.

George J. Hatfield, U. S. Atty., and George M. Naus, Asst. U. S. Atty., both of San Francisco, Cal.

Harold C. Faulkner and James B. O'Connor, both of San Francisco, Cal., for defendants.

KERRIGAN, District Judge. A motion has been made by the government to strike out the pleas to the jurisdiction heretofore entered by 14 defendants in this case. The history of the case is briefly this:

Early in February, 1925, the steamship Coal Harbor, a vessel of British registry, was seized by the Coast Guard at a point off the Farallone Islands. The vessel was brought into the port of San Francisco. The defendants were arrested and subsequently indicted for conspiracy to violate the National Prohibition Act (27 USCA) and the Tariff Act of 1922 (42 Stat. 858). They appeared before this court in February, 1925, and entered pleas of not guilty, with leave to change the pleas as they might later be advised, under the practice then prevailing in this court.

June 19, 1925, demurrers to the indictment were filed on behalf of each defendant. August 29, 1925, motions to exclude evidence, motions to quash the indictment, and the pleas to the jurisdiction with which we are here concerned, were filed with the clerk of the court. September 5, 1925, amended demurrers were filed. Nothing further was done in the case until May, 1927.

It will be remembered that at that time the practice as to raising the question of the jurisdiction of this court over the persons of members of the crew of foreign vessels seized as was the Coal Harbor was very unsettled. Appeals to the Supreme Court of the United States involving the question were pending (Ford v. United States, 273 U. S. 593, 47 S. Ct. 531, 71 L. Ed. 793 [The Quadra Case]), and it appears to have been tacitly understood that this case should rest in statu quo until the decision of the "Quadra Case" by that court. This decision, establishing that questions of jurisdiction over the person of the defendant can be raised only by plea to the jurisdiction, was handed down in April, 1927.

In May, 1927, defendants, by leave of court, were permitted to withdraw the pleas of not guilty theretofore entered, and the pleas to the jurisdiction filed August 29, 1925, were placed on the calendar. The government demurred to the pleas and also filed answers, later amended. This court overruled the demurrers to the pleas. Now the government moves to strike out the pleas to the jurisdiction, upon grounds not previously urged, namely, that defendants had appeared generally prior to the filing of the pleas to the jurisdiction; that the pleas themselves contain a general appearance, because entered by attorney, and because they ask that the indictment be quashed and the case dismissed, in addition to the personal relief properly sought by the plea; and, finally, that, since the pleas were filed, defendants have waived their rights by various acts amounting to general appearance.

It is contended that this court was without power to entertain the pleas to the jurisdiction, a general appearance having been made by each defendant. It is true that these

defendants, by pleading to the charge, and by demurring and otherwise moving in the action, did appear generally. It is also true that the pleas to the jurisdiction are open to objection, in that they ask for other relief than dismissal of the defendants, namely, that the "criminal proceedings pending against them" be "quashed, dismissed, and held for naught." Under ordinary circumstances, defendants would be held to have waived their objection to the jurisdiction.

[1, 2] One who desires to object to the jurisdiction of the court over his person must appear before the court for that purpose only. He must raise only the question of the jurisdiction of the court over his person; if he does more, he has waived his objection. 1 Chitty, Pleading, 440, 411; Andrews' Stephen's Pleading (2d Ed.) § 97; Ford v. United States, 273 U. S. 593, 47 S. Ct. 531, 71 L. Ed. 793, and cases there cited. One who pleads to the indictment, or makes motions to suppress evidence or to quash the indictment, has submitted to the jurisdiction of the court in the ordinary case.

[3] The situation in the present case is, however, a peculiar one, which can hardly arise in the future. Defendants were allowed to plead, with permission to change or withdraw their pleas. They then, in view of the uncertainty of the practice as to objecting to the jurisdiction, filed various demurrers and motions, in addition to their pleas to the jurisdiction, designed to protect them pending the decision of Ford v. United States by the Supreme Court. Finally, with the tacit consent of the government, they were permitted to withdraw their pleas of not guilty for the express purpose of securing a hearing of their pleas to the jurisdiction.

The situation is not unlike that in Mars v. Oro Fino Mining Co., 7 S. D. 605, 65 N. W. 19, which concerns the question of waiver of defects in service of civil process by general appearance, but which states the principles applicable here. Defendants there had filed a motion to quash service, which, as it included other matters, amounted to a general appearance. Counsel was permitted to withdraw this motion, and plaintiffs proceeded to obtain an order for publication of summons against the nonresident defendants. The court says, at page 22 (7 S. D. 614):

"It will be noticed that in the notice of motion to quash the summons the defendant also included a motion to dismiss the action, and that in two or more of the grounds of its motion it challenged the sufficiency of the complaint, thereby raising questions which could only be determined by the court, upon the assumption that it had jurisdiction of the parties. Consequently the appearance, though special in terms, was in legal effect a general appearance. To avoid the apparent legal effect of this constructive general appearance, counsel for the respondent insists that, by being permitted to withdraw his motion to dismiss the action without objection or exception, he in effect withdrew his constructive general appearance, and that such was the evident understanding of the court and the parties. And as evidence that such was the understanding of the appellants, he calls attention to the fact that they immediately proceeded to obtain an order of publication of the summons, which was set aside, and followed by a subsequent order of publication, also set aside. The withdrawal of the motion to dismiss before the order to quash the service of the summons seems to have been treated by both parties as in effect a withdrawal without objection of the constructive general appearance of the respondent, and it would be manifestly unjust to now hold the respondent concluded by that appearance. The subsequent acts of the appellants in applying for and procuring orders of publication are entirely inconsistent with the present claim that the respondent appeared generally in the action and did not withdraw that appearance. We think the claim cannot now be sustained."

In other words, it was within the power of the court in the exercise of its discretion to determine that the general appearance was withdrawn. Where other courts have reached a contrary result, it has been on prompt showing of injury to the rights of plaintiff (Garber v. Hirsh, 225 Mass. 422, 114 N. E. 670), or under the special provisions of a statute making a general appearance the equivalent of service (Insurance Trust & Agency v. Failing, 66 Kan. 336, 71 P. 826)

A similar conclusion is proper in the present case. Under the unusual circumstances here presented, and for the full protection of the rights of these defendants, it must be considered that defendants have effectually withdrawn their general appearances, and the motion to strike out the pleas to the jurisdiction will be denied.

So ordered.